FLEMING v. THE CITY OF BAINBRIDGE.

Whether it was error for the superior court to refuse to sanction a petition for *certiorari*, cannot be decided where a copy of the petition is not embodied in the bill of exceptions, nor attached thereto and verified by the judge.

March 10, 1890.

Practice in Supreme Court.

Reported in the decision.

D. A. RUSSELL, for plaintiff in error.
No appearance *contra.*

SIMMONS, Justice.

It appears from the record in this case that Fleming was tried and convicted before the mayor's court of the city of Bainbridge for the violation of an ordinance of that city. He sued out a writ of *certiorari* from the judgment of the mayor, which he presented to the judge of the superior court. Upon consideration of the *certiorari*, it appears that the judge refused to sanction the writ, whereupon Fleming filed his bill of exceptions and alleged as error the refusal of the judge to sanction said writ. The bill of exceptions states that said petition " is hereto attached as part of this bill of exceptions, and plaintiff in error prays that the same may be taken as a part thereof." Upon examination of the bill of excep-

tions, we find that said petition is not attached thereto, nor is it verified in any way by the presiding judge who refused to sanction the *certiorari*. It is true that there is a petition for *certiorari* in what purports to be a part of the record, certified to by the clerk of the superior court, but we cannot consider that petition because it is no part of the record in the case. The clerk had no right to certify that it was part of the record, because he had no right to file it in his office until it was sanctioned by the judge of the superior court. Not having been sanctioned by the judge, it was no part of the record of the clerk's office. The petition should have been embodied in the bill of exceptions and certified, or verified, by the judge who refused to sanction the same. There being, therefore, no properly certified copy of this petition in this record, and none of the facts being set out in the bill of exceptions, we cannot determine whether the conviction of the plaintiff in error was legal or not, and for this reason we dismiss the writ of error.