## WILKS *v.* SMITH.

1. A petition for certiorari which is not sanctioned by the judge of the superior court is no part of the record in the case to which it relates, and can not be transmitted to this court as such.
2. A bill of exceptions which undertakes to bring to this court for review a refusal to sanction such a petition, and which does not in any manner set forth either the petition or its substance, can not be entertained. This is true although the bill of exceptions does purport to contain a direct narrative of what occurred in the justice's court wherein the case was originally tried, and a recital of the errors alleged to have been therein committed, but nowhere alleges that the petition for certiorari presented to the judge set forth any statement of the facts upon which the assignments of error were based.

　　　　Submitted April 17, — Decided May 20, 1897.

Practice in Supreme Court.

*R. J. Warren*, for plaintiff in error.
*A. S. Florence & Son*, contra.

FISH, J. 1. Smith obtained a verdict in a justice's court against Georgia Ann Wilks. The latter presented a petition for the writ of certiorari to the judge of the superior court, who refused to order the writ to be issued; whereupon she filed her bill of exceptions and alleged as error the refusal to sanction the petition. The petition for certiorari was not set out in the bill of exceptions, nor attached thereto, nor verified in any way by the judge who refused to sanction the same. There is, however, a copy of a petition for certiorari in what purports to be a part of the record, certified to by the clerk of the superior court; but that can not be considered, because it is no part of the record in the case. It was not on file in the clerk's office, and he had no right to file it until it had been sanctioned, and the writ ordered to be issued. The petition, being no part of the record in the case, can not be transmitted to this court as such, but it should have been embraced in the bill of exceptions and certified, or verified, by the judge who refused to sanction it. See *Fleming* v. *Bainbridge*, 84 *Ga.* 622, which is directly in point. On the same line, this court has held that an amendment which was disallowed by the court was no part of the record of the case. *Sibley* v. *Mutual Association*, 87 *Ga.* 738; *Barnett* v. *East Tenn. Ry. Co.*, Ibid. 766.

2. As the bill of exceptions does not in any manner set forth either the petition for certiorari or its substance, it can not be considered. This is true although the bill of exceptions does purport to contain a direct narrative of what occurred in the justice's court wherein the case was originally tried, and a recital of the errors alleged to have been therein committed, but nowhere alleges that the petition for certiorari presented to the judge set forth any statement of the facts upon which the assignments of error were based.

*Writ of error dismissed. All the Justices concurring.*