## ATLANTIC AND BIRMINGHAM RAILROAD COMPANY et al. v. SOUTHERN PINE COMPANY OF GEORGIA.

1. A misjoinder of parties plaintiff results from joining with one having a right to maintain an equitable proceeding to enjoin a threatened breach of contract persons between whom and the defendant to the action there is, with respect to the subject-matter thereof, no privity of contract, and who for that reason have no concern in the outcome of the litigation.
2. As the real party at interest in the present case failed to establish by proof any contractual relation with the defendant, an interlocutory injunction was properly refused.

Argued June 28, — Decided August 8, 1902.

Petition for injunction. Before Judge Bennet. Coffee superior court. May 31, 1902.

*J. L. Sweat*, for plaintiffs.

*W. E. Kay* and *J. C. McDonald*, for defendant.

LUMPKIN, P. J. A petition for injunction and other relief, in which the Southern Pine Company of Georgia was named as defendant, was filed by "the Atlantic & Birmingham Railroad Company, formerly the Waycross Air-Line Railroad Company, and J. E. Wadley, J. L. Sweat, C. C. Grace, W. W. Beach, A. Sessoms, and J. S. Bailey; also J. S. Bailey & Company and J. R. & T. Bunn, who sue for the use of said railroad company." The action appears to have

been brought in renewal of the litigation involved in the case of *Waycross Air-Line Railroad Company* v. *Southern Pine Co.*, 115 *Ga.* 7, in which this court held that the railroad company could not, in its own name and right, invoke the relief sought by it. In addition to the facts then relied on, which are set forth in the opinion filed in that case by Chief Justice Simmons, the plaintiffs in the present proceeding alleged the following: The Atlantic & Birmingham Railroad Company is the legal successor of the Waycross Air-Line Railroad Company. On February 4, 1899, in pursuance of a previous understanding between the stockholders of the latter company and certain parties to whom its line of railway had been sold, a written contract was duly entered into "by and between said J. S. Bailey & Company and the said Waycross Air-Line Railroad Company," whereby, in consideration of certain reduced freight rates and other inducements offered by the railroad company, Bailey & Company, who were the owners of a large tract of timber, agreed to erect a sawmill and to ship over that company's line the entire marketable product manufactured from the timber standing upon various lots of land which comprised the tract just referred to. Bailey & Company subsequently sold this tract of timber to J. R. & T. Bunn, under covenant by them to perform the above-mentioned contract, and they in turn sold the timber to the Southern Pine Company, under a like covenant. That company erected a sawmill upon the land, and, agreeably to its covenant with J. R. & T. Bunn, shipped lumber over the Waycross Air-Line Railroad "until the month of April, in the year 1901, when, upon said sawmill . . being destroyed by fire, said Waycross Air-Line Railroad Company and said Southern Pine Company of Georgia thereupon agreed that, upon the same terms and with existing rights and privileges, the Bailey & Company timber should thereafter be sawed at the Nicholls mill . . of the said Southern Pine Company of Georgia, and the lumber therefrom shipped over the said Waycross Air-Line Railroad, the only new condition demanded of plaintiff [the Air-Line Railroad Company, presumably] by defendant being additional switch facilities at that point, and for the purposes aforesaid, which were furnished;" whereupon the Southern Pine Company continued, for a short time, to make its shipments of lumber over the Air-Line Railroad at the reduced rates of freight agreed on. Later, however, it diverted its shipments to other transporta-

tion lines, and refused, and still refuses, to comply with its obligations under the contracts above referred to, notwithstanding "the said railroad company, relying upon the terms and conditions of the contracts, covenants, and agreements aforesaid, and acting thereunder in the utmost good faith, expended large sums in the improvement and better equipment of its said road to enable it properly to transport the lumber sawed from the aforesaid timber." The result of the refusal on the part of the Southern Pine Company to comply with its obligations in the premises has been "to deprive said railroad company of revenue arising from its proportion of the freight rate provided for" in said contracts, "amounting to fifty thousand dollars, or other large sum, in which sum said railroad company has been damaged; and unless said Southern Pine Company of Georgia is restrained and enjoined and compelled to specifically perform the terms and conditions of the agreements, contracts, and covenants aforesaid, by shipping the lumber sawed from said timber over the road of said railroad company, . . it will be further defrauded and damaged in the additional amount of fifty thousand dollars, or other large sum." The Southern Pine Company, "if permitted to cut and divert the shipment of the lumber as aforesaid, would not be able to respond in damages, and, besides, is subject to have its affairs wound up at any time and to be dissolved." Though the sum just named would be the approximate amount of the loss sustained, "it would be difficult to properly estimate said damages; and moreover, the said railroad company requires all the revenue to which it is entitled promptly paid, from time to time, to meet its operating expenses, . . and hence the loss, injury, and damage to which it is and would be subjected . . are irreparable." To the end that a multiplicity of suits may be avoided, it is necessary that the rights and duties of all parties concerned should be ascertained and determined in one and the same action.

The following amendment was subsequently presented and allowed: "And now comes [?] plaintiffs in above-stated case, and, by leave of the court, amends [?] the petition filed therein, so far as concerns J. S. Bailey & Company and J. R. & T. Bunn, or effects [?] them in anywise whatever, by alleging that the contract set out in the fourth paragraph of said petition [viz., that between Bailey & Co. and the Air-Line R. R. Co.], alleged to have been made and

executed, and the damages sustained by the railroad company from a breach thereof, is so alleged by the plaintiff, the Atlantic & Birmingham Railroad Company." ·

The plaintiffs' petition was met by a special demurrer containing various grounds, among them the following: (1) "there is a misjoinder of parties plaintiff, there being no connection, contractual or otherwise, shown between defendant and any of the plaintiffs except J. R. & T. Bunn;" (2) "no cause of action is alleged or attempted to be shown against defendant in favor of said J. R. & T. Bunn, said plaintiff not being alleged to have suffered any injury or damage, and no breach of the alleged contract between defendant and said J. R. & T. Bunn being alleged;" (3) "there is neither privity nor mutuality of contract alleged or shown between defendant and said plaintiffs J. S. Bailey & Co., J. S. Bailey, J. E. Wadley, J. L. Sweat, C. C. Grace, W. W. Beach, or A. Sessoms, nor is there alleged any breach of any contract between them or either of them and defendant, nor is it alleged that they, or either of them, have suffered any injury or damage at the hands of defendant, and therefore they are improper parties plaintiff;" (4) that the allegation of the petition with respect to the sale of the Air-Line Railroad to Wadley and his associates, and the subsequent contract between the railroad company and Bailey & Co., are wholly immaterial and irrelevant, as are also the allegations as to the contract between Bailey & Co. and J. R. & T. Bunn and that between the firm last named and the Southern Pine Co.; (5) there is no charge of insolvency on its part; and (6) "it appears from said petition that the damage alleged is capable of computation, and no facts are alleged going to show that a judgment in law should not be obtained therefor, or that such a judgment, if obtained, could not be collected from the defendant." The Southern Pine Co. also filed an answer in which it denied that it had, as alleged, upon the burning of its sawmill, entered into a contract with the Air-Line Railroad Co. such as that declared upon, or a contract of any kind with respect to the shipment over its line of all of the lumber manufactured from what was known as the Bailey & Co. tract of timber. An interlocutory hearing of the case was had upon the plaintiffs' petition as amended and the defendant's demurrer and answer thereto, at which much evidence was introduced by both sides and which resulted in an order denying the injunction prayed for. Error is assigned upon the passing of this order.

1. In view of the decision rendered by this court in *Waycross· Air-Line R. R. Co.* v. *Southern Pine Co.*, cited supra, it is obvious· that, as was clearly pointed out in the defendant's special demurrer,. " there is neither privity nor mutuality of contract alleged or shown between " the Southern Pine Company and " Bailey & Co., J. S. Bailey, J. E. Wadley, J. L. Sweat, C. C. Grace, W. W. Beach, or A.. Sessoms." Accordingly, none of these parties should have been joined with either the Railroad Company or J. R. & T. Bunn, as· plaintiffs to the action. It is true that privity of contract is shown between the defendant and J. R. & T. Bunn; but why they were· deemed necessary, or even proper, parties to the present action is· not altogether clear. Apparently they had nothing more than a. bare speaking acquaintance with the Waycross Air-Line Railroad Co., and do not appear to be on terms of any greater intimacy with. its successor. They were not parties to the alleged contract between the Air-Line Railroad Co. and the Southern Pine Company,. and therefore have no right to demand its enforcement. It is equally apparent that as the Air-Line Railroad Co. was not a party to the· contract between the defendant and J. R. & T. Bunn, the plaintiff railroad company can claim nothing under that contract. While J. R. & T. Bunn undertake to " sue for the use of said railroad company," they do not set up any facts going to show they have a right· to maintain the action for their own benefit or protection, and are; therefore in a position to nominate the plaintiff railroad company as usee. They can not possibly sustain any injury or loss save in; the event they are called upon by Bailey & Co. to respond in dam-· ages for a breach of contract. The plaintiffs' petition does not seem to have been framed upon the theory that, unless the Southern Pine Company is enjoined from making itself further liable in dam-· ages, there is reason to apprehend that the Atlantic & Birmingham Railroad Company will enter suit upon the contract between its· predecessor and Bailey & Co., and that they in turn will institute an action for damages on the contract between them and J. R. &. T. Bunn, who, because of the insolvency of the defendant, will be· the ultimate sufferers. We certainly would not feel authorized to· place upon the petition such a construction had it been demurred to on the ground that there was a misjoinder of causes of action.. Giving effect to the amendment filed to the petition, wherein it· was explicitly stated that neither Bailey & Co. nor J. R. & T. Bunn.

joined with the plaintiff railroad company in alleging the execution and breach of the contract between its predecessor and Bailey & Co., we are forced to the conclusion that the idea of the pleader was that by making the firm of J. R. & T. Bunn a nominal party plaintiff, ostensibly interested in protecting the Atlantic & Birmingham Railroad Company against further loss, it would be placed in a situation where it could demand the enforcement of a contract to which it was not a party and in which it had no interest whatsoever. It is not within the province of a court of equity to make parties to contracts. This we undertook to decide when the case above cited was before us. Under the averments of the plaintiffs' petition as amended, J. R. & T. Bunn appear to be neither more nor less than mere interlopers, attempting to intermeddle in a legal controversy with the outcome of which they have no real concern. If, for their own protection and the incidental benefit of the plaintiff railroad company, they desired to enforce by way of injunction the contract between them and the Southern Pine Company, they should have instituted, in their own name and right, a separate and independent proceeding, fully setting forth the facts upon which they relied as entitling them to equitable relief. If the Southern Pine Company is, in point of fact, insolvent and therefore unable to respond in damages, we see no reason why such a proceeding might not have been successfully prosecuted. But it is a matter of grave doubt whether J. R. & T. Bunn would be entitled to an injunction upon the theory that the damages resulting from a further breach by the Southern Pine Company of its contract with them would be incapable of ascertainment, since, were this true, they could not be held liable on their covenant to Bailey & Co. for more than nominal damages, the payment of which would not operate as an irreparable injury to prevent which a court exercising equitable jurisdiction could be called upon to adopt prompt and effective measures.

2. As has been seen, it was alleged in the plaintiffs' petition that, after the sawmill erected by the Southern Pine Company was destroyed by fire, it entered into a new and independent contract with the Waycross Air-Line Company with respect to the future shipment of lumber over that company's line of road. We are much inclined, however, to agree with counsel for the defendant in error that no satisfactory reason was assigned why it was neces-

sary to the protection of the railroad company that the Southern Pine Company should be enjoined from committing a further breach of this alleged contract. But be this as it may, his honor below rightly held that the plaintiff railroad company was not entitled to the extraordinary relief sought; for on the interlocutory hearing of the case the fact was developed that no such contract was ever entered into by and between the Southern Pine Company and the Waycross Air-Line Railroad Company.

·As the rulings above announced practically dispose of the case upon its substantial merits, we deem it unnecessary to deal with other points presented by the bill of exceptions. ·

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*