## McGARRY *et al. v.* SEIZ *et al.*

1. Where an amendment to a petition is offered and disallowed by the court, it does not constitute a part of the record; and in order for this court to review the ruling of the court below in rejecting such offered amendment, it should be set out in the bill of exceptions or annexed thereto as an exhibit properly authenticated.

2. The original petition set forth no cause of action, and was properly dismissed on demurrer.

Submitted May 28,—Decided August 15, 1907.

Action on bond. Before Judge Pendleton. Fulton superior court. December 14, 1906.

Mrs. Mary McGarry and S. J. McGarry filed a petition against E. C. Seiz and the Ætna Indemnity Company, alleging that Mrs. McGarry was the owner of a described lot of land, and entered into a contract with Seiz to erect a dwelling thereon, for the sum of $7,350; that pursuant to the contract Seiz gave bond, with the Ætna Indemnity Company as surety, in which it was provided that the contract with Seiz should be carried out and completed. The penalty in the bond was $8,000. A copy of the same is attached to the petition as an exhibit. It is alleged that the plaintiffs have fully complied with all of the requirements of the contract and the bond. On December 20, 1905, Randall Brothers, materialmen, filed a lien on the property against the plaintiffs and Seiz, for lumber and material furnished; the amount of the claim

being $1,497.72. The claim of lien was duly recorded. On April 5, 1906, Randall Brothers brought suit to foreclose their lien against Seiz and Mrs. McGarry, which is now pending. There being doubt as to the validity of the claim, the plaintiffs have interposed a defense, and required Randall Brothers to make out their case. The Ætna Indemnity Company has been notified of the claim of lien of Randall Brothers, and also informed that it would be held responsible for any expenses and attorneys' fees that would be incurred by reason of their neglect to pay the lien. Notwithstanding, the indemnity company has failed and refused to pay. The plaintiffs have, in compliance with the terms of the bond, retained the last payment due the contractor, which amounts to $677; which they are ready to pay over to whomever is entitled thereto. They have requested the indemnity company to give authority to pay the same over, and this has been refused. In the event the lien is valid the plaintiffs will owe Randall Brothers $820.72, with interest and costs. The indemnity company has been obstinate and litigious, and plaintiffs ask that they be allowed to recover attorneys' fees for the prosecution of this suit. The prayer is for a judgment against Seiz and the indemnity company for the amount of the lien claimed by Randall Brothers, together with all costs and expenses, including attorneys' fees. The bond exhibited recites that Seiz has entered into a contract with Mrs. McGarry for the erection of a dwelling, and the condition of the bond is that Seiz shall faithfully perform his contract according to its terms, covenants, and conditions, except as provided in the bond. It is provided that the indemnity company shall be informed in writing of any act on the part of Seiz, his agents or employees, which may involve a loss for which the company would be responsible, immediately after the act shall come to the knowledge of Mrs. McGarry or her duly authorized representative, and that a registered letter mailed to the president of the company shall be the notice required. It is also provided that the company shall not be liable on the bond to any one except Mrs. McGarry; but it is also agreed that she, in estimating her damages, "may include the claims of mechanics and materialmen arising out of the performance of the contract," and paid by her, only when the same are, under the laws of the State, valid liens against the property. It is also provided that if any suit at

law or in equity is brought against the company to recover on the bond, "the same must be instituted within six months after the completion of the work specified in the contract." Each of the defendants filed demurrers, both general and special. The plaintiffs offered an amendment to the petition, which the court refused to allow. This amendment appears in the transcript of the record, but it is not set forth in the bill of exceptions, or attached thereto as an exhibit. The demurrers were sustained; and the plaintiffs assigned error upon the judgment disallowing the amendment, as well as upon the judgment sustaining the demurrers.

*T. F. Corrigan,* for plaintiffs.   *Dodd & Dodd,* for defendants.

COBB, P. J.   (After stating the facts.)

1. An amendment was offered by the plaintiffs at the hearing of the demurrers, as appears by a recital in the order of the judge disallowing the same. It does not appear, however, to have been filed. Under such circumstances it did not become a part of the record in the case, and therefore can not come to this court in the transcript of the record under the certificate of the clerk. It should have been embodied in the bill of exceptions or attached thereto as an exhibit, properly authenticated. *Sibley* v. *Mutual Ass'n,* 87 *Ga.* 738 (13 S. E. 838); *Sayer* v. *Brown,* 119 *Ga.* 539 (2) (46 S. E. 649). In *McCall* v. *Herring,* 116 *Ga.* 235 (42 S. E. 468), the amendment to the plea had been duly and regularly filed, and had therefore become a part of the record, and was properly brought to this court in the transcript of the record under the certificate of the clerk, notwithstanding that after the same had been filed it was stricken upon the ground that it constituted no defense.

2. As we can not consider the amendment to the petition, for the reasons above referred to, the only question to be determined is whether the original petition set forth a cause of action. The suit was against the principal and the surety upon the bond. The purpose for which the bond was entered into was to indemnify Mrs. McGarry against loss growing out of the failure on the part of the contractor, who was to erect for her the dwelling, to comply with the terms and stipulations of his contract. While it was distinctly provided that the surety should not be liable under the bond to any one except Mrs. McGarry, the obligee, it was agreed

that Mrs. McGarry, in ascertaining her damages, might include the claims of mechanics and materialmen paid by her, provided such claims were valid liens against the property under the law of the State. It was therefore necessary, in order to charge the surety on account of the payment by her of a claim of a materialman, that it must appear that she had paid the claim, and that the claim of the materialman was, under the law of this State, a valid lien upon the property. It appears from the allegations of the petition that she has not paid any of the claim asserted by Randall Brothers. It is not alleged that the claim of Randall Brothers is a valid lien under the laws of this State. A suit in which she denies that their claim is a valid lien under the laws of Georgia is now pending. It does not appear, from the petition, that she has yet been damaged by the claim of lien. She has paid nothing. But, it is said, the bond also provides that the surety will not be liable unless suit is brought thereon "within six months after the completion of the work" provided for in the contract, and that the work has been completed, and that she certainly must have the right to bring the suit within the six months, notwithstanding no payment has been made to the materialman. She has entered into a contract by which she agrees that the surety will not be liable to her unless her claim for damages is asserted by suit within six months from the time the work is completed. She has also entered into a contract that the surety shall not be liable on account of claims of materialmen unless such claims are valid liens under the laws of the State. She must be held to the terms of her contract; there being nothing in the undertakings therein which would be contrary to public policy. The surety had a right to contract with her that its liability should be subject to reasonable conditions, and the conditions above referred to are not, in any sense, unreasonable as to the character of the claim for which the surety should be liable or the time in which the suit should be brought. See, in this connection, *Massachusetts Life Asso.* v. *Robinson,* 104 *Ga.* 272 (30 S. E. 918, 42 L. R. A. 261), and cit. In order to hold the surety liable, she must determine, at her peril, whether the claim of the materialman, asserted against her, constituted a valid lien under the laws of this State. If it does, she may pay the same and bring suit for indemnity within six months from the time the work is

completed. If it does not, she may decline to pay the same and defend against such claim. There is nothing in the terms of the contract which either expressly or impliedly provides that the validity of the lien shall be first determined by a judgment of the courts. If she paid the claim, and it thereafter developed that the same was not a valid lien under the laws of the State, there is no liability under the bond. If she paid the claim, and it was a valid lien under the laws of the State, the surety would be liable, provided the other conditions of the bond are complied with, and suit to recover the amount so paid is filed within six months from the time that the work is completed. The petition set forth no cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*