## 1501.   SCHAEFFER v. CENTRAL OF GEORGIA RAILWAY COMPANY.

1. The alleged errors are not presented in such manner as to give this court jurisdiction.
2. Where a pleading is filed which the party may file as a matter of right, irrespective of the permission of the court to do so, and is subsequently stricken by the court for lack of legal sufficiency, it may be specified as record; but if it be such a pleading as requires the permission of the court for its filing, and if when it is presented to the court it is disallowed, it can not be specified as record, although·the party has gone through the formality of having it marked filed by the clerk.

Action for damages, from city court of Savannah—Judge Freeman. October 26, 1908.

Submitted December 15, 1908.—Decided June 15. 1909.

*Garrard & Meldrim,* for plaintiff.

*Lawton & Cunningham, H. W. Johnson,* for defendant.

POWELL, J. Schaeffer brought suit for damages against the railway company. The defendant demurred. On October 20, 1908, the judge passed an order sustaining the demurrer, and providing that the case should stand dismissed unless the plaintiff, by 10 o'clock a. m. on October 26, should amend in certain respects set out in the order. It is recited in the bill of exceptions that the plaintiff filed exceptions pendente lite to this judgment; and these exceptions were specified as a part of the record and have been duly sent here by the clerk, but no error has been assigned upon them either in the main bill of exceptions or otherwise. It further appears from the bill of exceptions that on October 24 the plaintiff filed an amendment to his petition, but that on October 26 the judge passed an order disallowing the amendment, on the ground that it was insufficient to meet the requirements of the order previously passed. To this judgment exception is taken and error is assigned thereon. However, the proffered amendment is not set out in the bill of exceptions or otherwise attached thereto or made a part thereof; though what purports to be a copy of the amendment has been sent up as a part of the record, under specification made in the bill of exceptions.

The plaintiff in error has not assigned error upon the final judgment, either in the bill of exceptions or upon his exceptions pendente lite. His only assignment of error is upon the subsidiary,

though perhaps controlling, proposition that the court erred in not allowing the amendment to the petition. We think the recital in the bill of exceptions, that a final judgment was rendered and that the plaintiff excepted thereto pendente lite, while not sufficient to present for consideration the question whether the court erred in granting that judgment, nevertheless would be sufficient to give the court jurisdiction, under the *Lyndon* case, 129 *Ga.* 353 (58 S. E. 1047), provided there were a valid assignment of error upon the refusal to allow the amendment. However, we are not permitted to review the action of the court in rejecting the tendered amendment, because that paper is not set out either literally or in substance in the bill of exceptions, or attached as an exhibit thereto or otherwise made a part thereof. The rule is well settled that where a party offers an amendment to his pleading and the judge declines to allow it, the proffered amendment can not be specified as record. *Branan* v. *Baxter,* 122 *Ga.* 224 (50 S. E. 45); *Taylor* v. *McLaughlin,* 120 *Ga.* 706 (48 S. E. 203); *Walker* v. *Equitable Mtge. Co.,* 114 *Ga.* 871 (40 S. E. 1010); *Hays* v. *Clay,* 124 *Ga.* 908 (53 S. E. 399); *McGarry* v. *Seiz,* 129 *Ga.* 296 (58 S. E. 856). The fact that the party went through the formality of filing the amendment before the order of the judge was taken upon it does not change the matter. "A party, as a matter of right, can not file an amendment without a previous order of the judge. When he offers the amendment, it is an application for it to be made a part of the record; and when the court denies the application, it is no part of the record and can not be filed as such." *Branan* v. *Baxter,* supra. In *Atlantic & Birmingham R. Co.* v. *Southern Pine Co.,* 116 *Ga.* 225 (42 S. E. 500), it is held that if the amendment is filed under order of the judge it becomes a part of the record, though the judge subsequently strikes it for its legal insufficiency, and that in such a case the amendment may be specified as a part of the record. This distinction is referred to in the case of *McGarry* v. *Seiz,* supra.

It follows that we are without jurisdiction to determine the questions which the plaintiff in error has attempted to present.

*Writ of error dismissed.*