## McGARRY et al. v. SEIZ et al.

This case is controlled by the decision in *McGarry* v. *Seiz*, 129 *Ga.* 296 (58 S. E. 856). The court did not err in sustaining a general demurrer to the petition.

SEPTEMBER 26, 1911.

Action upon bond. Before Judge Pendleton. Fulton superior court. June 6, 1910.

*Thomas F. Corrigen* and *R. B. Blackburn,* for plaintiffs.

*Dodd & Dodd,* for defendants.

54

BECK, J. The plaintiffs in error filed, in the court below, suit against, E. C. Seiz as principal, and Ætna Indemnity Company as surety, on a bond given for the faithful performance of a contract for the erection of a dwelling. The suit was instituted to recover from the defendants the amount of a judgment in favor of certain materialmen, obtained by them in a lien-foreclosure proceeding against the property of the plaintiffs above referred to, growing out of the erection of the building by the defendant Seiz, and his failure to pay said materialmen's claims. It was alleged that this judgment had been paid off and satisfied by the petitioners. The Indemnity Company demurred generally to the petition, which demurrer was sustained, and the plaintiffs excepted.

It is contended by the defendants in error that the demurrer was properly sustained, on the ground that the suit was not brought within the time required by the following provision contained in the bond: "If any suits at law or proceedings in equity are brought against said surety to recover any claim hereunder, the same must be instituted within six months after the completion of the work specified in said contract." It is evident from the allegations of the petition that this suit was not instituted within the time stipulated in the foregoing clause of the bond.

On the other hand, it is contended by the plaintiffs in error, that, since materialmen have twelve months from the time their claim becomes due in which to commence a proceeding to foreclose the same, the foregoing clause of the bond is at variance and irreconcilable with the following clause contained therein, to wit: "The surety shall not be liable under this bond to any except the obligee, but it is agreed that the obligee, in estimating his damage, may include the claims of mechanics and materialmen, arising out of the performance of the contract, and paid by him, only when the same, by the statutes of the State where the contract is to be performed, are valid liens against his property."

A former suit, instituted by the same plaintiffs against these defendants to recover the amount claimed by the same materialmen whose judgment is referred to in the present suit and who were then proceeding to foreclose the same, was dismissed by this court on the ground that the same was prematurely brought, it appearing from the petition in that case that the liens so set up had not been paid by the plaintiffs, and it not being alleged that the same

were valid liens. The decision in that case is reported in 129 *Ga.* 296. It was then contended by counsel for Mrs. McGarry that she must have the right to bring her suit within the six months, notwithstanding no payment had been made to the materialmen. On this question Justice Cobb, speaking for the court, said: "She has entered into a contract by which she agrees that the surety will not be liable to her unless her claim for damages is asserted by suit within six months from the time the work is completed. She has also entered into a contract that the surety shall not be liable on account of claims of materialmen, unless such claims are valid liens under the laws of the State. She must be held to the terms of her contract; there being nothing in the undertakings therein which would be contrary to public policy. The surety had a right to contract with her that its liability should be subject to reasonable conditions, and the conditions above referred to are not, in any sense, unreasonable as to the character of the claim for which the surety should be liable or the time in which the suit should be brought. See, in this connection, *Massachusetts Life Asso.* v. *Robinson,* 104 *Ga.* 272 (30 S. E. 918, 42 L. R. A. 261), and cit. In order to hold the surety liable, she must determine, at her peril, whether the claim of the materialmen, asserted against her, constituted a valid lien under the laws of this State. If it does, she may pay the same and bring suit for indemnity within six months from the time the work is completed. If it does not, she may decline to pay the same and defend against such claim. There is nothing in the terms of the contract which either expressly or impliedly provides that the validity of the lien shall be first determined by a judgment of the courts. If she paid the claim, and it thereafter developed that the same was not a valid lien under the laws of the State, there is no liability under the bond. If she paid the claim, and it was a valid lien under the laws of the State, the surety would be liable, provided the other conditions of the bond are complied with, and suit to recover the amount so paid is filed within six months from the time that the work is completed."

This case is controlled by the ruling above quoted; and the petition was properly dismissed on demurrer, because the same was not filed within the time required by the terms of the bond.

*Judgment affirmed. All the Justices concur, except Evans, P. J., dissenting.*