4118. ASKEW *v.* SINGLETARY *et al.,* executors, etc.

1. Where an amendment to a petition is filed under order of the trial judge, it becomes a part of the record; and if the judge subsequently strikes it for legal insufficiency, it does not cease to be such, and, on exception to the judgment, need not be set forth in the bill of exceptions, but may be specified therein as a part of the record and brought to the reviewing court in the transcript of the clerk of the trial court.

2. The amendment filed by the plaintiff under order of the court was sufficient to meet the ruling of the court as to the grounds of the special demurrer. But even without the amendment, the allegations of the petition were sufficient to permit the introduction of evidence, and the judgment dismissing the petition on oral motion was erroneous.

DECIDED OCTOBER 22, 1912.

Assumpsit; from city court of Blakely—Judge Rambo. February 19, 1912.

Askew brought suit against A. J. Singletary and R. C. Singletary, as executors de son tort of the estate of L. W. Singletary, to recover $500. The original petition alleged, that on or about August 8, 1908, L. W. Singletary took and converted to his own use, of the property of the plaintiff, 1,500 first class pine cross-ties, to which he had no right or title, which lay upon and along the right of way of the "A. & N. Railway Company," at or near Philema, in Lee county, Georgia, and which were, at and since that time, of the value of 33-1/3 cents each, and of the aggregate value of $500; that the plaintiff had repeatedly demanded payment for them from the said L. W. Singletary during his life, and since his death from the defendants; that neither L. W. Singletary nor any person for him, nor the defendants, ever paid plaintiff the value of the cross-ties, or any part thereof, or restored to him the cross-ties, or any part thereof.

The defendants demurred to the petition, on general and special grounds, the special grounds being that it did not disclose what personal property of the value of $500 the defendants possessed and converted to their own use, or the nature of said property, or how or when or in what manner it was converted to their own use; that the petition did not specifically allege facts showing that the defendants were executors de son tort upon the estate of L. W. Singletary, and that it failed to disclose any reason why the petitioner might not proceed against the estate of L. W. Singletary, or why it was necessary to sue the executors de son tort. The trial judge overruled the general demurrer, and sustained the special demurrer on three of the grounds, with the proviso, however, that "if amendment is offered within the ten days hereby allowed, meeting the second ground of the demurrer, then the demurrer shall be overruled in toto." Within the ten days the plaintiff offered an amendment in the following language: "Now comes the plaintiff in the above-stated case and by leave of the court files this his amendment to the original petition in said case, and shows that, explanatory of and amplifying paragraph four of the original petition, defendants possessed and converted to their own use, of the property of L. W. Singletary, deceased, the following: 1. On or about January 20th, 1910, 10,000 cross-ties, more or less, the

same being in the county of Early, along the right of way of the Central of Georgia Railroad, from Hilton, Ga., to Arlington, Ga., such ties being of the value of 35 cents each. 2. On or about the same date 3,000 cross-ties, more or less, distributed in lots of varying numbers, to plaintiff unknown, along the line of the Georgia, Florida & Alabama Railroad, between Arlington, Ga., and Kestler, Ga., such ties being of the value of 35 cents each. 3. The sum of $249, which at the time of the death of the said L. W. Singletary was on deposit to the credit of the said L. W. Singletary at the First National Bank of Blakely, Ga. 4. The sum of $200, which at the time of the death of the said L. W. Singletary was on deposit to the credit of said L. W. Singletary at the Bank of Blakely, of Blakely, Ga." On oral motion of the defendants, upon the ground that the amendment filed under the order of the court was not sufficient to meet the demurrer, the court dismissed the petition; and the plaintiff excepted to this judgment.

On the call of the case in this court a motion was made to dismiss the writ of error, based upon the ground that "the rejected amendment to the petition is not set forth in the bill of exceptions, but is sought to be brought to this court as a part of the record; wherefore, it can not properly be considered, and without it no question is presented to this court on which it can undertake to pass."

*Sheffield & Askew,* for plaintiff.

*Glessner & Park,* for defendants.

HILL, C. J. (After stating the foregoing facts).

1. The motion to dismiss the writ of error is denied. The amendment to the petition was filed under the order of the judge, though he subsequently struck it for legal insufficiency. In such case the amendment may be specified as a part of the record. *McCall* v. *Herring,* 116 *Ga.* 235 (42 S. E. 468); *McGarry* v. *Seiz,* 129 *Ga.* 298 (58 S. E. 856). Counsel for movant relies upon the case of *Schaeffer* v. *Central Ry. Co.,* 6 *Ga. App.* 282 (64 S. E. 1107), followed in *Ledbetter* v. *Savannah Brewing Co.,* 8 *Ga. App.* 282 (68 S. E. 950). A casual reading of these two decisions suggests an apparent conflict with the ruling in *McCall* v. *Herring,* supra; but in these cases it appeared that the trial judge did not order that the amendment be filed, but simply held that an amendment was necessary to meet the demurrer, and granted time for

the amendment to be made, and subsequently disallowed the amendment on the ground that it was insufficient to meet the requirements of the order previously passed. In the instant case the judge distinctly granted permission to file the amendment, although he subsequently disallowed it; and Judge Powell, in the *Schaeffer* case, supra, states that it is held that if an amendment is filed under order of the judge, it becomes a part of the record, though he subsequently strike it for legal insufficiency, and in such case the amendment may be specified as a part of the record. Judge Powell's reference to the case of *Atlantic & Birmingham R. Co.* v. *Southern Pine Co.,* 116 *Ga.* 225, as holding this, is evidently a miscitation, it doubtless being his intention to refer to *McCall* v. *Herring,* supra, which is in the same volume.

2. The judgment sustaining the special grounds of the demurrer is of peculiar phraseology. It sustains the second, third, and fourth grounds of the special demurrer, with the proviso that if an amendment is offered by the plaintiff within ten days, meeting the second ground of the demurrer, then the demurrer would be overruled in toto. Construing this ruling altogether, it is manifest that the trial judge meant that if the amendment subsequently filed by the defendant was sufficient to meet the second ground of the demurrer, it would also meet the third and fourth grounds of the demurrer.

The second ground of the demurrer attacks the petition because "it does not disclose what personal property of the value of $500 the defendants possessed and converted to their own use, or the nature of such property, or how or when, or in what manner, it was possessed and converted to their own use." The amendment which was filed and disallowed, we think, very fully meets this ground of the demurrer. It alleges that the personal property sought to be recovered, or the value thereof, consisted of a specified number of cross-ties in the county of Early, located "along the right of way of the Central of Georgia Railroad, from Hilton, Ga., to Arlington, Ga.," of the value of 35 cents each. But, irrespective of this amendment, the petition as originally filed was not subject to special demurrer on this ground. Paragraph nine of that petition specifically alleged that 1,500 cross-ties, aggregating the value of $500, for which the suit was brought, were taken by the deceased without authority, from where they were located, to wit, "upon

and along the right of way of the A. & N. Railway Company at or near Philema, in Lee county, Georgia." The allegations of the original petition and the amendment are inconsistent, it is true, but this inconsistency can be explained by evidence, and the plaintiff would have the right, under the allegations of the petition as amended, to claim any or all of the cross-ties which had been converted by the deceased, to the extent of $500. While in our opinion, therefore, it was not necessary to amend the petition to meet the demurrer, as the allegations in the original petition set forth a cause of action, yet the amendment as filed, amplifying the allegations of the petition, was within the right of the plaintiff, and the petition as amended was sufficient to let in proof of the allegations made, and the judgment dismissing the petition was erroneous.

*Judgment reversed. Pottle, J., disqualified.*