### 5659.  UPCHURCH *v.* NICHOLS.

WADE, J. 1. An allegation in an affidavit for the foreclosure of a mortgage before maturity of the debt, that the "defendants" are about to remove the mortgaged property beyond the limits of the county, is not a compliance with section 3287 of the Civil Code, where the affidavit does not show that the defendants are purchasers of the mortgaged property. No other ground for foreclosure being alleged in the affidavit in this case, the court did not err in sustaining the motion to dismiss the levy.

2. The bill of exceptions recites that "the plaintiff in fi. fa. moved the court to allow an amendment to its affidavit of foreclosure, and proposed the following amendment: by adding the following words after the word 'county' in said affidavit: 'The defendants are causing the property to be removed beyond the limits of the State.' The court refused to allow the said amendment and overruled the same; to which ruling the plaintiff excepted," etc. Nothing further as to the proposed amendment is disclosed by the bill of exceptions itself; and this court can not assume that the amendment was verified, as the law requires, by an affidavit as to the truth of the ground for foreclosure stated in the amendment; and therefore can not assume that the plaintiff was entitled to have the amendment allowed in the form in which it was presented. This should have been made to appear affirmatively, in order to show error in the ruling complained of. So far as appears from the bill of exceptions, the refusal to allow the amendment may have been based on failure of the plaintiff to comply with the requirement of the law as to verification. See *Benson* v. *Marietta Fertilizer Co.*, 139 *Ga.* 691 (72 S. E. 34); *Early* v. *Hampton, ante*, 98, 99.

(a) The Court of Appeals can not look beyond the bill of exceptions to ascertain the contents of a proposed amendment which the court below refused to allow, and which, therefore, did not become a part of the record of the case. It can not properly be brought before this court as a part of the clerk's transcript of the record, though marked "filed" by him. *Schaeffer* v. *Central of Georgia Ry. Co.*, 6 *Ga. App.* 282; *McGarry* v. *Seiz*, 129 *Ga.* 296 (58 S. E. 856), and citations.

*Judgment affirmed. Roan, J., absent.*

DECIDED NOVEMBER 4, 1914.

Levy and claim; from city court of Thomasville—Judge W. H. Hammond. March 4, 1914.

*C. P. Hansell, J. H. Merrill, Fondren Mitchell,* for plaintiff.

*Roscoe Luke, C. E. Hay, Louis Moore,* for defendant.