## 7368. BRYANT, adm'r, v. BANK OF COVINGTON.

HODGES, J. 1. The suit being upon an unconditional contract in writing, and the original answer not being properly verified, the court did not err in directing a verdict in favor of the plaintiff.

2. Certain proposed amendments to the original answer which were rejected by the court are not incorporated in the bill of exceptions and are not attached thereto as exhibits, but are specified as part of the record. "The Court of Appeals can not look beyond the bill of exceptions to ascertain the contents of a proposed amendment which the court below refused to allow, and which, therefore, did not become a part of the record of the case. It can not properly be brought before

this court as a part of the clerk's transcript of the record, though marked 'filed' by him." *Upchurch* v. *Nichols*, 15 *Ga. App.* 359 (83 S. E. 273). "Where a pleading is filed which the party may file as a matter of right, irrespective of the permission of the court to do so, and is subsequently stricken by the court for lack of legal sufficiency it may be specified as record; but if it be such pleading as requires the permission of the court for its filing, and if when it is presented to the court it is disallowed, it can not be specified as record, although the party has gone through the formality of having it marked filed by the clerk." *Schaeffer* v. *Central of Georgia Railway Co.*, 6 *Ga. App.* 282 (64 S. E. 1107). "Where an amendment to a petition is offered and disallowed by the court, it does not constitute a part of the record; and in order for this court to review the ruling of the court below in rejecting such offered amendment, it should be set out in the bill of exceptions or annexed thereto as an exhibit properly authenticated." *McGarry* v. *Seiz*, 129 *Ga.* 296 (58 S. E. 856).

*Judgment affirmed.*

DECIDED SEPTEMBER 15, 1916.

Complaint; from Jasper superior court—Judge Park. February 24, 1916.

*E. M. Baynes*, for plaintiff in error. *R. W. Milner*, contra.