## 21392. BLANCHARD v. BALKCOM, Warden.

CANDLER, Justice. Blanchard presented to the Judge of the Superior Court of Tattnall County an application for the writ of habeas corpus. The judge declined to sanction it and returned it by mail to the applicant. Subsequently Blanchard presented a bill of exceptions to the judge which specifies as material to a clear understanding of the errors complained of therein his application for the writ of habeas corpus, and the bill of exceptions was certified as true on July 7, 1961. Blanchard on July 24, 1961, filed the bill of exceptions in the Superior Court of Tattnall County, together with what purports to be the application for habeas corpus, including certain exhibits attached thereto, which he presented to the judge. The clerk has transmitted to this court the original bill of exceptions and a certified copy of the other papers filed with him. *Held:*

The application for the writ of habeas corpus, together with its exhibits, being no part of the record in this case, a certified copy of it could not be transmitted to this court as a part of the record but it should have been set out in the bill of exceptions and certified, or verified, by the judge who refused to sanction it. See, in this connection, *James v. Davis,* 76 Ga. 100; *Flemming v. City of Bainbridge,* 84 Ga. 622 (10 SE 1098); *Lake v. Kellum,* 99 Ga. 130 (24 SE 874); *Central of Ga. Ry. Co. v. Whitehead,* 105 Ga. 492 (30 SE 814); and *Wood v. County of Tattnall,* 115 Ga. 1000 (42 SE 403). In the case last cited, where the opinion was prepared for the court by Judge Fish, it was said: "The fact that a judge of a superior court, to whom a petition for certiorari is presented, in refusing to sanction the same enters thereon and signs an order that it be filed in the office of the clerk of such court, and that it be made a part of the record in the case, does not make the petition a part of such record, and a certified copy of it cannot be brought to this court as record. In order for the Supreme Court to review a refusal to sanction a petition for certiorari, the petition must be incorporated in the bill of exceptions or otherwise verified by the judge." While each of the cases cited above deals with the required procedure for bringing an unsanctioned application for the writ of certiorari to this court for review, we think the

same procedure should be employed where an application for the writ of habeas corpus is not sanctioned by the judge to whom it is presented and a writ of error assigning error on his refusal to do so is sued out to this court. · On the same line, this court has held that an amendment to a pleading which was disallowed could not be considered by this court unless such disallowed amendment is set out in the bill of exceptions or attached to the bill of exceptions and properly certified or verified by the trial judge; and this is true even though a copy of it is sent to this court by the clerk of the trial court in his transcript of the record. See *Sibley v. Mutual Reserve Fund Life Assn.*, 87 Ga. 738, 742 (13 SE 838); and *Barnett v. East Tenn., Va. & Ga. Ry. Co.*, 87 Ga. 766 (13 SE 904), where it was said in headnote 2: "Where an amendment to a declaration is offered and disallowed by the court, it does not constitute a part of the record; and in order to have this court review the ruling of the court below in rejecting such offered amendment, it should be set out in the bill of exceptions or annexed to the same as an exhibit, properly authenticated." Since we do not have a copy of the applicant's petition for the writ of habeas corpus legally before us, we cannot determine whether or not the judge erred in declining to sanction it.

*Writ of error dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1961—DECIDED OCTOBER 5, 1961.

Buddy Dean Blanchard, *pro se*.
*Eugene Cook, Attorney-General, Earl L. Hickman, Assistant Attorney-General*, contra.