ETHEL M. VOGEL, PLAINTIFF, v. THEODORE J. VOGEL, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 25, 1952.

*Mr. Joseph H. Gaudielle,* attorney for plaintiff (*Mr. B. Franklyn Boggia,* appearing).

*Mr. George I. Marcus,* attorney for defendant (*Mr. Aaron Nussman,* appearing).

*Messrs. Chandless, Weller, Kramer & Frank,* on petition to fix lien for attorney fees (*Mr. Julius Kramer,* appearing).

HEGARTY, A. M. Final judgment for absolute divorce was entered in the above titled cause on May 6, 1952. Plain-

tiff's motion is for an order to compel the defendant Theodore J. Vogel, and George I. Marcus, Esq., his attorney, to pay over to her the sum of $7,500 and, at the same time, make delivery of a deed giving to plaintiff complete title and ownership of premises known as No. 21 Harriet Avenue, Bergenfield, New Jersey, pursuant to the terms of a written agreement entered into between plaintiff and defendant, introduced in evidence in the cause, and made part of the judgment *nisi*. George I. Marcus, Esq., subscribed to the obligation of the escrow as provided for in the said agreement.

On the return of the plaintiff's notice of motion on June 6, 1952, Mr. Aaron Nussman, appearing for George I. Marcus, attorney for defendant, announced that the defendant and his attorney were prepared to pay over the said sum of $7,500 and also to deliver the deed as provided for by the terms of the agreement. At that stage of the proceedings, Julius E. Kramer, Esq., filed a petition on behalf of Ralph W. Chandless, Ernest Weller, Julius E. Kramer and John Frank, Jr., members of the firm of Chandless, Weller, Kramer & Frank, attorneys-at-law, 84 Main Street, Hackensack, New Jersey, to fix lien for attorneys' fees. In substance, the attorneys' petition supported by the affidavit of Ralph W. Chandless, Esq., charges that plaintiff retained the petitioners, as her attorneys, in connection with such action as might be advisable in relation to the marital difficulties then existing between the plaintiff and defendant and the rights of the plaintiff as to present and future support and maintenance. Pursuant to said retainer they negotiated and accomplished a settlement for plaintiff with defendant, on the terms directed by the plaintiff, and plaintiff agreed to pay to petitioners, out of the agreed lump sum settlement, a sum of $3,000. The plaintiff failed and refused to carry out said agreement and nothing was paid by her to the petitioners on account of their fees and compensation for services. On February 5, 1952, when judgment *nisi* was entered in the cause a written agreement between the parties for lump sum

settlement for the future support and maintenance of the plaintiff was approved by the court. Petitioners claim an attorneys' lien on the proceeds of said lump sum settlement. A copy of petitioners' bill for fees, charges and disbursements has been delivered to the plaintiff and a copy also given to Mr. Joseph H. Gaudielle, the present attorney for plaintiff. The petitioners pray: (1) that this court may determine the amount due petitioners; (2) that the amount so determined may be impressed as a lien upon the judgment in this matter; (3) that the parties may be directed as to the payment therefor.

The affidavit of Ralph W. Chandless sets forth in detail the nature of the services rendered leading up to the drafting of an agreement which embodied terms of settlement for the sum of $31,500 of which amount the plaintiff was to receive $30,000 and the firm was to receive from the defendant the balance of $1,500. However, the remaining $1,500 of the firm's fee of $3,000 was to be paid by plaintiff out of the $30,000 to be received by her. The form of agreement which the firm caused to be prepared was attached to the petition and affidavit and marked Schedule "A." Letters were directed to the plaintiff and to her present attorney, the defendant and his attorney, concerning the firm's claim for compensation for services rendered and its right to an attorneys' lien in the amount of $3,000 on any property settlement that might be subsequently effected.

The attorney for the petitioners urged the court to find that the firm had either a common law lien or a statutory lien for its services, and if it failed to establish its right to such lien the court should exercise its power over the enforcement of the provisions of the judgment *nisi* of February 5, 1952 by restraining the attorney of the defendant from paying over to the plaintiff the fund in his hands other than by way of interpleader.

The foregoing brings up for determination the question of whether the petitioners are entitled to have a lien, common law or statutory, in the circumstances, and the answer to it

is found in the case of *Visconti v. M. E. M. Machinery Corp.,* 7 *N.: J. Super.* 271, at 275 (*App. Div.* 1950), in the language set forth below. Petition for certification to Superior Court, Appellate Division, denied September 11, 1950, 5 *N. J.* 347.

"At common law, an attorney has two liens: one general, the other special. His general lien is his right to retain possession of documents and other property of his client until he is paid whatever is due him for professional services. His special or charging lien arises only when judgment in favor of his client is entered; the lien is a charge against the judgment for services in that particular suit or cause of action. *American Automobile Ins. Co. v. Niebuhr,* 124 *N. J. Eq.* 372 (*Ch.* 1938). See also *Norrell v. Chasan,* 125 *N. J. Eq.* 230 (*E. & A.* 1938). The attorney is also protected in our State by a statute which grants a lien in his favor. *Attorney's Lien Act of* 1914, *P. L., p.* 410; *R. S.* 1937, 2:20-7. This act is designed to protect an attorney whenever he institutes an action or files an answer containing a counterclaim. The lien attaches to the client's 'cause of action, suit or counterclaim' as well as the verdict, report, decision, etc. The statute enlarged the protection afforded by the common law charging lien. *Norrell v. Chasan, supra.*"

*R. S.* 2:20-7 mentioned in the above cited case is now *N. J. S.* 2A:13-5. It cannot be said that the petitioners' claim to fix attorneys' lien possesses the attributes of either a common law or statutory lien as defined in *Visconti v. M. E. M. Machinery Corp., supra.* Rather, it appears, the petitioners' right to commence an action for compensation, as outlined in their petition, is one that is comprehended by *N. J. S.* 2A:13-6, "Recovery of fees and disbursements."

I find and conclude that the petitioners are not entitled to have an attorney's lien for compensation in this cause and I shall advise an order dismissing their petition as well as their application to restrain the attorney for the defendant from paying over to the plaintiff the fund in his hands other than by way of interpleader. I also find and conclude that the plaintiff is entitled to the relief sought by her notice of motion. Accordingly, I shall advise an order directing and compelling the defendant, Theodore J. Vogel and George I. Marcus, his attorney, to pay over to plaintiff the said sum of

$7,500 and deliver to her the deed for the premises known as No. 21 Harriet Avenue, Bergenfield, New Jersey.

Appropriate order may be presented for advising and signing after the same has first been submitted to other counsel for approval.