497 P.2d 648

**Wayne C. LUNDEBERG and Joyce B. Lundeberg, his wife, Plaintiffs and Appellants,**

**v.**

**Walter K. DASTRUP and Mrs. Walter K. Dastrup, his wife, Defendants, Counterclaimants and Cross-Claimants,**

**v.**

**Alyce H. HUSBANDS, Cross-Defendant and Cross-Claimant and Respondent, et al.**

**No. 12625.**

Supreme Court of Utah.

May 16, 1972.

LaMar Duncan, Salt Lake City, for appellants.

Sam Cline of Cline, Jackson & Jackson, Milford, for respondent.

CROCKETT, Justice:

The controversy presented here arises from an attempt to collect an attorney's fee of $500 which had been awarded as part of a judgment rendered seven years earlier, February 28, 1964, in connection with a contract of sale of the Bel Aire Motel and Cafe in Parowan, Utah. From an order recalling an execution issued on the judgment the plaintiffs appeal.

The parties here involved are each successors in interest, several steps down, from the original contract, made in October, 1949, between Albert Mitchell, Jr. and wife, sellers, and A. C. Husbands and wife, Alyce H. Husbands, buyers. The interest of the Mitchells as sellers passed to the Sheldon R. Brewsters, thence to the plaintiffs, Lundebergs. The interest of the buyers had passed from the Husbands to Reeders, to Tidwells, to Stewarts, and thence to Walter K. Dastrup and his wife. During 1962, following a default of five months by the Dastrups, the Lundebergs, then having the sellers' interest, pursuant to appropriate notice to the Dastrups, brought this action against them to have their rights in the contract terminated. The Dastrups defended, and also asserted counterclaims, and a cross-claim against Alyce H. Husbands (and others not material here) and named her as a cross-defendant.

After the trial of the case the issues were determined in favor of the plaintiffs Lundebergs and against the defendants Dastrups, terminating their rights in the property and awarding attorney's fee of $500 against "the defendants." The judgment also provided that Alyce Husbands, referring to her as a cross-defendant, was entitled to reinstate herself in the property, and also awarded her a $500 attorney's fee against "the defendants." Alyce Husbands proceeded to reinstate her contract and she

and her successors have continued to make payments according to its terms ($150 a month) to the plaintiffs, Lundebergs.

In the latter part of 1970, she sold her interest in the property to Nick Caravelli who is now in possession of the property and making the payments. Prior to the issuance of the execution above referred to, plaintiffs made demands on Caravelli for payment of the $500 attorney's fee, and upon refusal of payment, issued the execution. Thereupon Caravelli and Husbands joined in a motion to recall the execution on the grounds that the judgment for the $500 attorney's fee ran only against the defendants Dastrup personally, the ones who had defaulted on the contract, and not against the cross-defendant Alyce Husbands, nor Caravelli, her successor, and that it was not a lien upon the property. It is from the granting of that motion that the plaintiffs appeal.

Plaintiffs' contentions are that the provision for an attorney's fee in the original contract, together with each of the successive assignments thereof, made each of the successors to the buyer's interests responsible for the payment of an attorney's fee for enforcement of the contract; also that the judgment ran against the cross-defendant Alyce Husbands; and that it was a lien upon the property; and that it is a covenant which runs with the land, and is therefore enforceable against the land and all of said parties, including Nick Caravel-

Ii, present occupant and successor purchaser under the contract.

There are several obstacles to plaintiffs' projected bases for recovery. The first is to be found in the language of the findings, judgment and decree. In them the Dastrups are properly and definitely referred to as "the defendants," and Alyce Husbands is similarly referred to as a "cross-defendant." In the portion of the judgment making the awards with which we are concerned the decree states:

4. . . . Plaintiffs be and they are hereby awarded judgment against the Defendants in the sum of $500.00 for Plaintiffs' attorney herein.

&ast; &ast; &ast; &ast; &ast; &ast;

6. . . . Husbands is awarded a decree that she is entitled to a foreclosure of the interest of Dastrups . . . together with $500.00 attorneys' fees and Husbands' costs and disbursements incurred in this action.

&ast; &ast; &ast; &ast; &ast; &ast;

7. That the title of Husbands in and to the above described real property is decree quieted as against the claims of all parties to this action except the prior claim of the Lundebergs.

■ It is thus clear that the award of the $500 attorney's fee for the plaintiffs is against "the defendants," the Dastrups;

and that there is no such award against the "cross-defendant" Husbands. This is entirely logical because she was not the party who defaulted, and she actually prevailed in the action against the Dastrups, and was given the prerogative of reinstating her rights in the contract, which she did. Any lien created by the judgment would attach only to the interest of the judgment debtor, the Dastrups, which has been foreclosed out of the property.

■ In regard to the plaintiffs' further argument that the contract provision for attorney's fees, assumed by successive assignees, and/or combined with the judgment, constitutes a covenant running with the land and is therefore binding on Alyce Husbands and Nick Caravelli against whom the execution was directed, this is to be said: In order for a covenant to run with the land it must be of such character that its performance or nonperformance will so affect the use, value, or enjoyment of the land itself that it must be regarded as an integral part of the property.[1] Examples are the covenants of seizin, the right to convey, freedom from encumbrances, and of quiet and peaceable possession. Contrasted to these are covenants to perform personal obligations under the contract, which ordinarily do not so run. Under the concept just stated a provision in a purchase contract to pay attorney's

---

1. 21 C.J.S. Covenants §§ 22 and 54; see also First Western Fidelity, etc. v. Gibbons & Reed Co., etc., 27 Utah 2d 1, 492 P.2d 132.

**32**

fees necessary for enforcement of its terms does not meet the qualification for a covenant which runs with the land.

In attempting to recover the attorney's fee in question plaintiffs also invoke the aid of Section 78–51–41, U.C.A.1953, which provides in part:

> . . . Compensation—Lien.—. . From the commencement of an action . . . the attorney . . . has a lien upon his client's cause of action . . . which attaches to a . . . judgment in his client's favor and to the proceeds thereof in whosesoever hands they may come, . . ..

█ The lien which this statute gives the attorney is upon his client's cause of action and/or the judgment; and with respect thereto he stands in no better position than his client. For the same reasons stated above, indicating that the plaintiffs' judgment does not run against either Alyce Husbands or Nick Caravelli, any lien the plaintiffs' attorney may have thereon is likewise not effective against them.

From what we have said herein it is our conclusion that the trial court was well advised in granting the motion to recall the execution directed to Alyce H. Husbands and Nick Caravelli and the property in question.

Affirmed. Costs to respondents.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.