75730. LAW OFFICE OF TONY CENTER v. BAKER et al.
(366 SE2d 167)

BIRDSONG, Chief Judge.

This is an appeal pursuant to a grant by this court of an application for discretionary appeal. Tony Center was retained by Sherri Baker to represent her in a divorce action. The final decree included, inter alia, $250 per month for each of two children as "child support," payable to the Clerk of the Superior Court of Bartow County. Following the divorce, a disagreement arose between Ms. Baker and Center regarding payment of his fee. Center filed an "Attorney's Lien" with the court, claiming an amount due of $2,809.08, with accruing monthly interest of $40.75. Thereafter he filed a "Motion to Enforce Attorney's Lien" against "funds received by the clerk of the court" to be distributed to Baker, i.e., the "child support." Center claims "[a]n attorney's lien is superior to all liens except taxes and attaches to the fruits of labor and skill of the attorney. . . ." The trial court denied the motion "to the extent counsel seeks to foreclose against child support." Appellant applied for and was granted interlocutory review of the trial court's order. *Held*:

At issue is whether an attorney's lien can attach to child support payments. There are two types of attorney's liens, a general or possessory lien, and a special or charging lien. See generally 7A CJS 707, Atty. & Client Chap. X. The general, or possessory, lien is the right of the attorney to retain possession of all money or other property of his client coming into his hands professionally, until the amount due him for his professional services is paid. 7A CJS at 711. A special, or charging, lien is the equitable right of the attorney to recover his fees and costs due him for his services, and may be satisfied out of the judgment obtained by his professional services. 7A CJS at 713. In Georgia, OCGA § 15-19-14 authorizes attorney's liens — subsection (a) the possessory lien, and subsection (b) the charging lien. The remaining provisions address the lien's priority and the method of enforcement.

"Lien laws are to be strictly construed, and one who claims a lien must bring himself clearly within the law." *White v. Aiken*, 197 Ga. 29, 33 (28 SE2d 263). "The attorney's lien statute ' "is in derogation of the common law, and is to be strictly construed." Accordingly, the statute will not be construed so as to apply to any factual situation not strictly within its wording.' " *May v. May*, 180 Ga. App. 581, 582 (349 SE2d 766); accord *Woodward v. Lawson*, 225 Ga. 261, 262 (167 SE2d 660). Hence, although the "child support" in the hands of the Clerk represents funds which are the fruit of the labor of the attorney, are they such "funds" to which an attorney's lien may attach?

"Child support," denominated alimony (OCGA § 19-6-19 (a)), occupies a special niche in our law. "When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children. She can not consent to a reduction or remission of the alimony, and ordinarily her conduct can not relieve the father of paying the same as directed by the court." *Stewart v. Stewart*, 217 Ga. 509, 510 (123 SE2d 547). Is the clerk of the court in a different category, or exempt classification from that of a trustee of the funds for support of the child? We hold it is not.

In *Keefer v. Keefer*, 140 Ga. 18 (78 SE 462), the Supreme Court was discussing collection of attorney fees in a divorce action and the application of an attorney's lien to the judgment and opined that "an attorney is given a lien upon 'all suits, judgments, and decrees' . . . to enforce their liens. . . . While the language is somewhat broad, we think it was not intended to cover an application for alimony and counsel fees." 140 Ga. at 25. Thus, in that instance the Supreme Court refused to apply an attorney's lien to "alimony." Then, in *Thomas v. Holt*, 209 Ga. 133-134 (70 SE2d 595), the court combined the "trust" nature of child support with a claim for attorney fees and found: "Where an award is made in favor of a wife for permanent alimony in a final decree, to be paid to her by the husband for the maintenance and support of their minor child who is in the wife's custody, upon receipt of each payment she should use the same solely for the benefit of the child. In the receipt and use of such money, she acts as a trustee or guardian of the minor child. . . . [T]he mother has no power or authority to make a contract with an attorney at law whereby she agrees to pay him one-half of whatever sums he collects from the father by virtue of the decree. Such an agreement, being contrary to the policy of the law, is void, and a court of equity will not aid the attorney in attempting to require the mother to account to him for payments she has received from the father . . . or as to any future payments." Hence, sums representing child support are held in trust by intervening parties and the party holding such child support

payments cannot consent, in law, to a portion being used for payment of attorney fees in their collection.

Our holding is consistent with the general law on this issue, i.e., "to allow an attorney's lien to be asserted against child support would necessarily result in counsel for the custodian taking from the children involved, monies the court has determined to be necessary to assure their adequate support." *Fuqua v. Fuqua*, 558 P2d 801 (Wash. 1977); accord *Vogel v. Vogel*, 90 A2d 537 (N.J. 1952); *Sanner v. Sanner*, 46 SW2d 936 (Mo. 1932); *Johnson v. Gerald*, 113 S 447 (Ala. 1927); *Hubbard v. Ellithorpe*, 112 NW 796 (Iowa 1907). Child support cases follow the general law that an attorney's charging lien does not attach to alimony. *Levitas v. Levitas*, 410 NYS2d 41; *Owen v. Forchelli*, 249 NYS2d 913; *Turner v. Woolworth*, 221 NY 425 (117 NE 814).

In addition to the bases of "public policy" and the funds are held in "trust" for the children, another sound reason for refusing to permit an attorney's lien to attach to child support payments is that the attorney "stands in no better position than his client" (*Lundeberg v. Dastrup*, 497 P2d 648, 649 (Utah 1972); see also OCGA § 15-19-14 (b)), the ex-wife, who cannot use child support for payment of attorney fees even though the attorney's services resulted in receipt of the payments. *Thomas*, supra.

The general rule is that " 'fees for services rendered by an attorney must be paid by the person who employs him.' " *Hagstrom v. Hagstrom*, 235 Ga. 853, 855 (221 SE2d 602). And, the attorney is not in any worse position by our holding for he can pursue his remedy against the person who employed him. *Keefer*, supra at 26. Accordingly, we find that an attorney's charging lien should not be "allowed to nullify an award determined to be necessary to assure the support of a child" and "is not enforceable against child support payments." *Brake v. Sanchez-Lopez*, 452 S2d 1071, 1072 (Fla. 1984).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 —

*Tony Center*, pro se.
Sherri Baker, *pro se*.
*Harry B. White, G. Carey Nelson III*, for appellees.