## A02A2043. CLAYTON v. MOORE.
### (578 SE2d 492)

SMITH, Chief Judge.

This appeal arises from the intersection of two separate lawsuits. One is a federal action between Willie Clayton, the nominal appellant in this case, and an insurer regarding the proceeds of a policy on the life of his late wife. The second is this domestic relations action, in which custody of Clayton's three children was awarded to Moore, their maternal aunt. Clayton was also ordered to pay $53,500 in past and future child support, to be paid out of the life insurance proceeds that are the subject of the federal suit. In this appeal, Clayton challenges an order dissolving an attorney's lien held by Daniel F. Ashley, who represented Clayton in the federal lawsuit. We find no error, and we affirm the order dissolving the lien.

After Clayton's wife was murdered, her sister, Moore, instituted this action seeking custody of the children and child support. As part of that action, she sought a restraining order preventing the life insurance proceeds from being distributed to Clayton. A temporary restraining order was entered, and Moore was awarded temporary custody at a hearing. After a hearing, the trial court entered an order on November 7, 1996, nunc pro tunc September 16, 1996, finding that Clayton was unfit to have custody of the children and that he had not made any contribution to their support. Custody was awarded to Moore. All other issues were reserved.

On May 2, 2000, Moore moved the trial court to lift the restraining order, which motion was granted. The court ordered the proceeds of the life insurance policy deposited into the registry of the court and ordered the parties to mediate their dispute regarding the proceeds. The parties were unable to reach a settlement, however, and the case was referred back to court.

The case was placed on a trial calendar, and on the appointed date, Moore appeared with counsel. Ashley, Clayton's attorney in the federal case, appeared, but Clayton did not. Ashley assured the court that any money turned over to him in the federal suit would be

brought to court. The superior court entered an order on February 13, 2001, awarding Moore $40,000 as back child support and $13,500 as future child support, to cover Clayton's monthly child support obligation through January 2004. These amounts, totaling $53,500, were based upon Moore's actual expenditures on behalf of the children, as well as upon the applicable percentages as applied to the financial circumstances of the parties. The funds were ordered to be paid to Moore's counsel out of the proceeds held in the district court registry, which totaled $72,298.93.

On March 26, 2001, Clayton was awarded the proceeds as the legal beneficiary under the policy in the federal action. Ashley asserted an attorney's lien on the proceeds, and the district court, finding that the only issue remaining was whether Ashley's attorney's lien on the proceeds was superior to the child support award against Clayton, referred this issue to the superior court for determination. The district court directed its clerk to disburse the funds held in its registry to Ashley "as Attorney for Willie E. Clayton," to enter judgment in favor of Clayton, and to close the file.

Ashley then sent Moore's attorney a check for $43,379.21 payable to Moore and her attorney, retaining more than $28,000 as his fee.[1] This resulted in an underpayment to Moore under the superior court's order of $10,120.79. Moore's attorney filed a motion to dissolve the lien, requesting an emergency hearing. Ashley did not file a written response to the motion. The superior court granted Moore's motion to dissolve the lien, holding that no valid lien could attach to the amount that had previously been awarded as child support. The superior court ordered that $10,121 held in the registry of the superior court be paid over to Moore's attorney immediately. Clayton, still represented by Ashley, filed an application for discretionary appeal, which this court granted. Because we find that Georgia law is clear, and the trial court correctly ruled that Ashley's attorney's lien was not superior to the previous child support award, we affirm the judgment below.

The cases cited by Clayton, dating from 1876 to 1949, obviously do not take into consideration *Law Office of Tony Center v. Baker*, 185 Ga. App. 809 (366 SE2d 167) (1988), in which this court addressed the exact issue presented here: "whether an attorney's lien can attach to child support payments." Id. We concluded in *Baker* that child support "occupies a special niche in our law," id. at 810, since "to allow an attorney's lien to be asserted against child support would necessarily result in counsel for the custodian taking from the chil-

---

[1] The record on appeal does not include the record from district court, but the district court order recites that it was an interpleader action decided on Clayton's motion for judgment on the pleadings.

dren involved, monies the court has determined to be necessary to assure their adequate support." (Citations and punctuation omitted.) Id. at 811.

In reaching our decision in *Baker*, this court relied upon leading cases from other jurisdictions, including *Fuqua v. Fuqua*, 88 Wash.2d 100 (558 P2d 801) (1977). Our decision is in line with *Fuqua* and with the majority of jurisdictions that have addressed this issue. See Garrison, Anno., Alimony or Child-Support Awards as Subject to Attorneys' Liens, 49 ALR5th 595, § 3 (b) (1997). We see no reason to overrule our decision in *Baker*. Even if *Baker* were not controlling, we agree as a matter of public policy with the analysis in *Fuqua*, as adopted in *Baker*, as well as that employed in *Minor Child of Zentack v. Strong*, 83 Ohio App.3d 332 (614 NE2d 1106) (1992), relied upon by the trial court. As noted in *Strong*, "[a]lthough a few courts have . . . allowed such liens, we . . . believe that the majority of the courts holding against the liens has a better understanding of the intent and purpose of child support legislation[. T]herefore, we side with the majority." (Citations omitted.) Id. at 336.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 14, 2003.

*Daniel F. Ashley*, for appellant.
*Celeste F. Brewer*, for appellee.