WALKER *et al. v.* EQUITABLE MORTGAGE COMPANY *et al.*

1. A plaintiff in error in this court can not withdraw a writ of error over the objection of his counsel, when it appears that the litigation is such that it would, if successful, result in a recovery of property on which counsel would have a lien for fees earned in the case.
2. Where there are several plaintiffs in error in a bill of exceptions, an affidavit of inability to pay costs, made by any number of them less than all, is insufficient to bring the case to this court in forma pauperis.　Nor, where such affidavit is signed by all of the plaintiffs in error save one, can it be made sufficient by striking from the bill of exceptions the name of the party who did not join in the affidavit, when the record shows that he was a party to the case in the court below.
3. Where a motion is made to set aside a decree, it is not error to allow any one who has a substantial interest therein to intervene and be made a party.
4. Under the provisions of the code it is too late, after more than three years from the rendition of a decree, to make a motion to set it aside, when the movants had full knowledge of the decree and its recitals, and when such decree appears on the face of the record to be valid and binding.
5. A case fully and finally disposed of by such decree should not be reinstated on motion, when such decree, valid so far as appears from the record, has never been reversed or set aside.
6. It is not error to sustain a demurrer to a statutory claim, based on purely legal grounds, when the execution under which the property is about to be sold is based on a decree to which the claimants were parties and under which the title relied on in the claim was adjudicated adversely to the claimants.
7. Where exception is sought to be taken to the refusal of the judge to allow an equitable amendment to such claim, the proffered amendment should be set out literally or in substance in the bill of exceptions.　It is no part of the rec-

ord of the case, and this court can not consider what purports to be a copy of
it sent up by the clerk in the transcript of the record.

Argued January 2, — Decided March 11, 1902.

Motion to set aside judgment.    Levy and claim.    Before Judge
Littlejohn.    Schley superior court.    April term, 1901.

A motion to set aside a judgment rendered in the superior court
of Schley county in 1895, and to reinstate the case, was filed in
that court in 1901, by Mamie Walker and others.    From the mo-
tion it appeared that the judgment was rendered in an equitable
proceeding instituted in 1892 by Thomas S. Walker as their next
friend (they being then minors), to recover certain land from
Charles A. Taylor.    They alleged that when the case was called at
the April term, 1894, their counsel announced that he was ready
to try it before a jury, but the presiding judge stated that he would
try it in vacation, without the intervention of a jury, under certain
orders to which all the parties had consented; that when this state-
ment was made their counsel objected to such a disposition of the
case, contended that the "prior consent order" had expired by lim-
itation, and that the judge had no authority to proceed under it
without further consent of all parties at interest, insisted on their
right to have a trial before a jury, and stated to the court that he
withdrew the previous consent if the court sustained the former
consent order as binding on him; that Taylor, the defendant, made
no express consent as to the trial of the case in vacation and he
then had no counsel, his counsel having died; that the last consent
order which provided for a trial in vacation was taken at the Octo-
ber term, 1893, and the vacation contemplated by it was the one
between that term and the April term, 1894; that no subsequent
consent was made, but the judge assumed to act under that order,
and over their objection heard evidence in the case in vacation, and
on August 25, 1895, in vacation, rendered a pretended judgment in
the case, as follows : "The court finds against the original plaintiffs
and in favor of the defendant, C. A. Taylor;" which judgment was
illegal and void, because the court was without jurisdiction of the
parties or of the subject-matter, the judgment having been rendered
in vacation without the consent and over the objection of the pe-
titioners.    They prayed that Charles A. Taylor be required to show
cause why the motion should not be granted.

The Equitable Mortgage Company, in a petition to be made a

party defendant to the motion, alleged that it was a party to the judgment which the movants were seeking to set aside, and was interested in the judgment and in the motion to set it aside, to which motion it objected. To this petition the movants demurred on the grounds that no cause for intervention was shown, that the allegations of the petition were too vague and indefinite, and did not show that the Equitable Mortgage Company was a necessary or proper party to the motion, nor how its interest would be affected if the motion should prevail. The court overruled the demurrer and allowed the Equitable Mortgage Company to be made a party to the motion. The company then demurred to the motion, on the grounds that it was barred by the statute of limitations; that it was not based on any defect appearing on the face of the record; and that a decree in equity can not be set aside on motion. The court, before it passed on this demurrer, ordered that the movants attach to their motion a complete copy of the judgment in question, the original of which had been submitted to the court and used by counsel on both sides in the argument on the demurrer. The movants complied with the order, but in their response stated they did so "under protest and without waiving their right to except" to the order. The court sustained the demurrer and dismissed the motion to set aside the judgment.

In the judgment in question it was adjudged that the plaintiffs were not entitled to recover, and that the Equitable Mortgage Company (described as "intervenor") recover against the plaintiffs and against Charles A. Taylor a stated sum, to be made out of the land in dispute. The judgment recited that "This case was, by consent of all parties, submitted to the court without the intervention of a jury, to hear and decide all questions of law and facts involved, and to render his decision in term time or vacation at such time as suited the judge."

Mamie Walker et al. filed a bill of exceptions in which they alleged that the court erred in overruling their demurrer to the petition of the Equitable Mortgage Company to be made a party to the motion to set aside the judgment and in granting the petition; in requiring the movants to attach to their motion a copy of the judgment; and in sustaining the demurrer of the Equitable Mortgage Company and dismissing the motion. In another bill of exceptions they complained of a judgment dismissing a claim interposed by

them to the levy of an execution based on the judgment first mentioned.　Both cases were argued together before the Supreme Court.

*J. H. Lumpkin* and *W. P. Wallis,* for plaintiffs : The court erred in allowing the Equitable Mortgage Company to intervene: Civil Code, § 5362; 62 *Ga.* 244; 80 *Ga.* 624; 109 *Ga.* 603.　The defense of the statute of limitations was personal to Charles A. Taylor, and could not be taken advantage of by another.　The statute of limitations (Civil Code, § 3764) does not apply to a judgment void ab initio, but is to be construed in connection with §§ 5369, 5373, which refer to void judgments.　See, as to void judgments, 47 *Ga.* 476; 67 *Ga.* 587 ; 68 *Ga.* 358 ; 98 *Ga.* 481; 101 *Ga.* 316; 107 *Ga.* 857; 17 Am. & Eng. Enc. L. (2d ed.) 825, 842.　Under the allegations in the motion, admitted to be true by the demurrer, the defect is apparent on the face of the pleadings; the pleadings referred to in Civil Code, § 5362, being the motion to set aside the judgment.　The motion will lie even where the defect is not apparent from the face of the record: 39 *Ga.* 394; 67 *Ga.* 604.　That section has reference to erroneous or voidable judgments, and not to those that are absolutely void ; and is to be construed with reference to §§ 5369, 5373.　See 50 *Ga.* 284; 54 *Ga.* 479; 77 *Ga.* 487.　As to authority to render judgment in vacation: 12 Am. & Eng. Enc. L. (1st ed.) 148x; 25 *Ga.* 479, 490–1; 48 *Ga.* 50–54. The objection that a decree in equity can not be set aside on motion is not well taken.　No such distinction has existed since the pleading act of 1887: Civil Code, § 4937 ; 97 *Ga.* 786 ; 106 *Ga.* 497; 111 *Ga.* 422.　The cases in 55 *Ga.* 189, 65 *Ga.* 252, and 72 *Ga.* 173, are not applicable.

*E. A. Hawkins,* for defendants : The motion to set aside the judgment was barred: Code, §§ 3764, 5363; 64 *Ga.* 535 ; Id. 497; 68 *Ga.* 85; 76 *Ga.* 734; 77 *Ga.* 484; 79 *Ga.* 649(2), 655 ; 94 *Ga.* 51(3).　The motion was properly denied, because not based on any defect appearing on the face of the record: Code, §§ 5362, 5363, 5364; 22 *Ga.* 281; 28 *Ga.* 391; 42 *Ga.* 204; 69 *Ga.* 539 ; 71 *Ga.* 598 ; 73 *Ga.* 72; 79 *Ga.* 649(2); 92 *Ga.* 440 ; 97 *Ga.* 216(2); 109 *Ga.* 359; 113 *Ga.* 378; Id. 532; *R. M. Charlton,* 518.　A decree in equity can not be set aside on motion ; the remedy is by bill of review: 55 *Ga.* 189; 65 *Ga.* 252(1); 72 *Ga.* 173(1).　Conclusions of pleader not admitted by demurrer : 98 *Ga.* 73; 100 *Ga.* 42.

SIMMONS, C. J.   The two cases here considered relate to the same matters, and were argued together before this court.

1. When the cases were called for argument, the plaintiffs in error asked leave to withdraw the writs of error.   To this counsel who had represented them in the lower court objected on the ground that their fees were contingent on the result of the litigation, and. that they had a right to prosecute the writs of error although their clients might desire to withdraw them.   That an attorney at law has a lien upon suits for the recovery of real property or of money, and that the parties can not by a settlement among themselves defeat the attorney's lien for fees, is established by our code and by repeated decisions of this court.   Civil Code, § 2814.   That this is true, not only of suits pending in a lower court, but also of cases pending here, was established by *Kimbrough* v. *Pitts,* 63 *Ga.* 496. It was in that case held that " Counsel have a lien on a suit undertaken by them for fees, and may prosecute such suit in this court in the name of the client for the recovery of such fees, without regard to the objections of the client and his direction to dismiss the writ of error."   One of the present cases is a claim setting up title to certain lands, and the other a motion to set aside a decree and reinstate a suit for the recovery of these lands and of a certain amount of money.   Thus one case is a suit for land, and the other, while not directly a suit for the recovery of property, seeks indirectly such recovery.   We think therefore that, under the authorities cited, the attorneys have a right to insist that the writs of error in these cases be not withdrawn.

2. The bill of exceptions in one of these cases was sued out in the names of several persons as plaintiffs in error, and the payment of costs sought to be avoided by an affidavit in forma pauperis. This affidavit was subscribed by all of the plaintiffs in error save one.   Under the ruling in *Taylor* v. *Security Co.,* 95 *Ga.* 571, an affidavit of this character is fatally defective unless subscribed by all of the plaintiffs in error.   Recognizing this, counsel for plaintiffs in error moved to amend the bill of exceptions by striking therefrom the name of the person appearing as plaintiff in error who did not sign the affidavit, stating that the name had been inserted in the bill of exceptions by mistake.   On an examination of the record, however, we find that this party appears therein as a coplaintiff in the court below with the other plaintiffs in error.   If

in any case a plaintiff in error may be relieved of the payment of costs by having his name stricken from the bill of exceptions in this court on the ground of mistake, we are clear that it can not be done in a case like the present. This plaintiff in error was a party to the case in the court below, and the writ of error was prosecuted in his name. He is therefore liable for costs. If his name was inserted in the bill of exceptions by mistake, he must look for reimbursement to the person by whom the mistake was committed. We, for these reasons, held that the pauper affidavit was not sufficient, and that the costs must be paid. In accordance with this ruling the costs were duly paid and the case saved from dismissal.

3. Walker et al. filed a motion to set aside a certain decree and to reinstate the case in which it was rendered. The Equitable Mortgage Company intervened and asked that it might be made a party, alleging that it was a party to the decree sought to be set aside and had a substantial interest in such decree. Called upon to show cause why the mortgage company should not be made a party, the movants demurred to its petition or intervention. This demurrer was overruled, and exception taken to this ruling. We are clear that there was no error in overruling the demurrer. The petition demurred to alleged enough to show that the mortgage company had a substantial interest in the case and in upholding the former decree. It was therefore eminently proper that it should be a party to the proceedings to set the decree aside.

4. According to the allegations of the motion to set aside the decree and reinstate the case on the docket, the movants were the plaintiffs in the original case, which was instituted in the superior court against their father for the purpose of recovering certain land from him. The Equitable Mortgage Co. intervened in that case and set up a claim it had against the defendant. During a term of the superior court an order was taken by consent of all the parties that the judge might hear and determine the case in vacation without the intervention of a jury. No action was taken by the judge in the succeeding vacation, and at the next term plaintiffs insisted upon a trial at that term, contending that the power given the court by the consent order had expired with the termination of the vacation intervening between the term at which the order was taken and the subsequent term. The judge decided to the contrary, holding that he had power under the order to hear and de-

termine the case in any vacation. In the next vacation he did determine the case and enter a decree therein. This decree was rendered more than three years before the motion to set it aside was made. By the decree the judge held that the title to the land was in the defendant, as against the plaintiffs, rendered judgment against the defendant in favor of the intervenor for a specified amount, and gave it a special lien upon the land. The decree recited that "This case was, by consent of all parties, submitted to the court without the intervention of a jury, to hear and decide all questions of law and facts involved, and to render his decision in term time or vacation at such time as suited the judge." This decree did not appear in full in the original motion to set it aside, but the judge ordered the movants to so amend the motion as to set out the entire decree. With this order the movants complied, and therefore, although their compliance was under protest, they can not except to the order. The intervenor demurred to the motion to set aside the decree, one of the grounds of demurrer being that the motion was barred by the statute of limitations. The judge sustained the demurrer, and the movants excepted.

Section 3764 of the Civil Code provides that "All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three years from the rendition of said judgments or decrees." This would seem to be conclusive of the matter, for the language of the code is very positive and broad. It would seem to apply to all motions to set aside judgments or decrees, whether such judgments or decrees were merely voidable or were absolutely void on the face of the record, if, indeed, it is ever necessary or proper to move to set aside a judgment or decree void on its face. As to this, however, we need not decide, for we are convinced (1) that the code section does not apply to a motion to set aside an apparently valid decree, for some reason not appearing on the face of the record, and (2) that such a decree is sought to be set aside by the present proceeding. The original case was pending in the superior court and should ordinarily have been disposed of in term time, but it was entirely within the jurisdiction of the court, acting under a proper consent order taken in term, to decide the case and enter up the decree in vacation. In all cases, at law or in equity, the judge "may, by order granted in term, render a judgment in vacation." Civil Code, § 4325. If we

consider the recitals in the decree, as under many authorities we should do, then there can be no doubt that the decree is valid, at least prima facie.    If, however, we hold that the jurisdiction to make the recitals depends on the jurisdiction to render the decree, and refuse to consider the recitals in determining whether the court had such jurisdiction, the same result must follow.    In the absence of anything to the contrary in the record, we must indulge every presumption in favor of the validity of the action of the court.    The court was one of general jurisdiction, and the case was regularly pending in that court.    Under certain circumstances the court had full power to render the decree in vacation, and, when the record is silent as to the matter, we must presume that the requisite circumstances existed.    1 Freeman, Ex. (3d ed.) § 132. The motion to set aside is not based on anything appearing on the face of the decree or on the face of the record, but on extrinsic facts set out in the motion itself.    The decree is not void on the face of the record, but (conceding the truth of the allegations in the motion) merely voidable, by a proper proceeding, because of facts which exist outside of the record.    If the code section requiring motions to set aside judgments or decrees to be made within three years applies to anything, it must apply to such a motion as the one made in the present case.    The motion did not set up any unusual equitable ground, such as ignorance of the rendition of the decree. On the contrary the movants knew of the decree and of its recitals, and the cases of *Williams* v. *Simmons*, 79 *Ga.* 649 (3), 656, and *Beardsley* v. *Hilson*, 94 *Ga.* 51 (3), apply.    In the former it was said: " Where a final decree is by its terms founded on consent, if the alleged consent was wanting for lack of mutual concurrence by one of the parties, such party is not at liberty to gainsay the record and raise that question collaterally, but must seek to have the decree opened by a direct proceeding for the purpose. And the time for commencing the proceeding is limited to three years."    In *Beardsley* v. *Hilson* it was held that " The decree showing on its face that the counsel for the plaintiff in the case in which the decree was rendered claimed to have the consent of a defendant to the terms of the decree, this was sufficient to put that defendant on notice that such consent was asserted of record, and require her to move within three years to set the decree aside."    For these reasons we hold that the demurrer to the motion to set aside the decree was well taken.

5. It was said, however, that even if the movants were too late to set aside the decree their motion to reinstate was still good; that the decree was void and could be treated as a nullity; and that, so treating it, the judge should have reinstated the case. That this contention is unsound follows from what has just been said. The decree in question is not void on the face of the record, but merely voidable by a timely and proper proceeding. It therefore can not be treated as a nullity, but, until reversed or set aside, must be regarded as valid and binding. "A judgment void upon its face may be treated as a nullity and collaterally attacked in any court; but a judgment of a superior court, apparently regular and legal, can, after the time for excepting thereto has expired, be set aside only by instituting a proper proceeding for that purpose." *Dixon* v. *Baxter,* 106 *Ga.* 180. This decision not only controls the question as to whether the motion to reinstate is good without setting aside the decree, but it also states that such a decree can be set aside only by "a proper proceeding for that purpose," and thereby, since the statute of limitations as to motions to set aside must apply, if to anything, to "proper" proceedings for that purpose, it intimates that such a proceeding should be brought within three years.

6. The other case here decided arose, as before stated, upon a claim. This claim was filed by the plaintiffs in error to the land in dispute when it was levied upon, under the former decree, as the property of the defendant. The claim was in the usual form and based upon purely legal grounds, the claimants alleging that title to the land was in them and not in the defendant. To this claim the mortgage company demurred. The plaintiffs sought to amend by setting up certain equitable grounds. The judge refused to allow the amendment, and sustained the demurrer. Exception is taken to the latter ruling. So long as the decree stands without being reversed or set aside, it is obvious that this claim, as originally filed, was not sufficient in law. To the decree the claimants, as well as the defendant and the mortgage company, were parties, and by that decree it was decided that the claimants did not have the very title which they now set up in their claim. The decree, as before shown, could not, in a collateral proceeding such as this, be treated otherwise than as binding. The question sought to be raised by the claim was res judicata, and the judge properly sustained the demurrer.

7. Exception is also taken to the refusal of the judge to allow the equitable amendment to the claim, but the proffered amendment was not set out literally or in substance in the bill of exceptions. We can not know what it contained, and therefore can not decide whether or not it should have been allowed. It is true that the record contains what purports to be a copy of the amendment offered, sent up by the clerk as a part of the transcript of the record; but this we can not consider. The amendment was not allowed and did not become a part of the record, and it can not be certified by the clerk as such.

*Judgment in each case affirmed. All the Justices concurring, except Little, J., absent, and Fish, J., disqualified.*