*H. H. Dean*, contra.

---

## MOOREFIELD et al. v. FIDELITY MUTUAL LIFE INSURANCE CO.

HOLDEN, J.   An insurance company appointed one as its "cashier at Atlanta, Ga."   He gave the company two bonds; one of which was with the United States Fidelity and Guaranty Company as surety, whereby it "undertook to guarantee the plaintiff company against loss on account of the embezzlement of the said D. E. Moorefield in his office as cashier of the Atlanta office of the plaintiff company;" the other was given with individuals as sureties, one of the conditions of which was that it was void if the principal should pay to the insurance company "any and all moneys which may come into his hands as agent of or for said company, and shall pay or cause to be paid to said company all loans or advances made to him by said company, or to any special or subagents appointed by him, on account of future commissions or otherwise; shall not incur any indebtedness for advertising, office rent, purchase of supplies, or for any matter or thing whatsoever in the name of this company, without the written consent of the president."   The insurance company brought suit on the bond last described, for the amount of money alleged to belong to the company and to have been received by the principal of the bond while acting as its cashier while the bond was in force, which he refused to pay. The principal and one of the sureties alleged in their answer, and offered evidence for the purpose of showing, that the word "agent" had a technical meaning in the business of insurance companies, and included those soliciting and effecting insurance, who answered a description entirely different and distinct from those who were "cashiers" of insurance companies, and contended that the bond sued on did not secure the insurance company against loss because of the failure of the principal to pay over to the company any of its money collected by him in the capacity of its cashier.   The bond sued upon was prepared upon a form printed by the insurance company.   The jury ren-

dered a verdict for the plaintiff, and to the order of the court refusing a new trial, and to that overruling their demurrer to the petition, the defendants excepted. *Held:*

1. Under the pleadings and the evidence, it was a question of fact for the jury to determine the meaning and scope of the word "agent" in the bond sued upon, and whether or not the bond sued upon secured the insurance company against loss on account of the failure of the principal to pay over to the company any of its money collected by him in the capacity of cashier.

2. As the language of doubtful meaning was in a printed bond furnished by the insurance company, it was error to charge, "If the construction is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred;" and it was error to refuse a timely written request of the defendants to charge, "that where contracts are ambiguous they should be construed most strongly against the person who prepared the instrument." *Wilcox* v. *Owens*, 64 *Ga.* 601; *Hill* v. *King Mfg. Co.*, 79 *Ga.* 105 (3 S. E. 445); Page on Contracts, § 1122.

(*a*) The above-quoted charge which was given by the court is in the language of the Civil Code, § 3675 (4); but that section has no application where the contract provides 'for an obligation payable to one who prepares the contract and who does not execute it or undertake any obligation in it.

3. The requests to charge, so far as legal and pertinent, were covered by the general charge, except as herein ruled. The correspondence between the company and the principal in the bond was admissible. What effect should be given by the jury to evidence which is properly admitted, or how far they should be limited in their consideration of it, is not properly raised by objection to the admission of the evidence. The request to charge referring to the subject of the correspondence was so worded as to be inapt, and was properly refused. It hypothesized that the word "agent," as used in the bond, "was so used in a technical sense, that it had that meaning from the beginning of the contract," which implied that it was so used by all the parties to the bond; and yet the latter part of the request abandoned this hypothesis and sought to differentiate the parties. Nor was this point raised with sufficient distinctness by a proper request to charge, or by assignment of error upon any particular charge involving the point; and therefore no ruling is made on the subject.

4. There was no error, for any reason assigned, requiring a new trial with respect to the matters complained of in the other assignments of error.

*Judgment reversed. All the Justices concur.*

SEPTEMBER 30, 1910.

Action on bond. Before Judge Pendleton. Fulton superior court. April 24, 1909.

*McDaniel, Alston & Black,* for plaintiffs in error.

*Smith, Hammond & Smith,* contra.