30022. AIKEN *v.* WHITE *et al.*

DECIDED JUNE 11, 1943. REHEARING DENIED JULY 22, 1943.

*G. Seals Aiken,* pro se.

*Sidney T. Schell, O. C. Hancock,* contra.

FELTON, J.   G. Seals Aiken was employed by Lewis H. White to file a suit for injunction, accounting, etc., against Norman A. White, individually and as executor of the estate of Mrs. Drue-willie Smith, and Mrs. Norman A. White.   The petition filed by Mr. Aiken consisted of sixty-six paragraphs and for the purposes of this case it is not necessary to state in detail all the matters alleged.   Many of the questions raised were settled by subsequent events and orders of court.   We think it will be sufficient to say that the petition prayed for an accounting by Norman A. White as executor, with Lewis H. White, for his share of certain property devised to Lewis H. White and others share and share alike.   Reference to other pleadings will be made only when material to a determination of this case.   The petition was filed in the superior court of Fulton county prior to October 20, 1941. On May 28, 1942, one of the judges of Fulton superior court passed an order, after a hearing, requiring Norman A. White, as executor, to make an accurate and complete accounting with Lewis H. White, through G. Seals Aiken, his counsel of record, and to pay to G. Seals Aiken the full amount due Lewis H. White under the will of his mother.   On August 31, 1942, Norman A. White filed his accounting and prayed that it be approved and that he be discharged.   On September 9, 1942, Mr. Aiken filed another petition for accounting in the case, supplementing the original.   Due to circumstances which it is not necessary to relate the accounting and the nisi issued thereon were not served on G. Seals Aiken until September 21, 1942.   On September 29, 1942, Mr. Aiken filed lengthy objections to the accounting filed by Norman A. White as executor.   By the objections it was contended that certain charges against the estate and devisees were excessive, and some illegal, and that there was due Lewis H. White as his share of the estate in excess of the sum of $1,781.76, instead of $336.76 as contended by the executor.   On October 23, 1942, Lewis H. White filed a petition seeking to have the supplemental petition for accounting dismissed as having been filed without authority.   The court heard evidence on the motion and passed an order striking Mr. Aiken's name.   The order stated among other things: "While the evidence shows that said Aiken was originally employed as

movant's attorney he was given notice on or soon after March 22nd, 1942, that his services as attorney for movant were no longer desired; but it does not appear that the court was notified of Mr. Aiken's removal as attorney until the filing of this petition. It does not appear that Mr. Aiken had a contract for a contingent fee. Therefore, either party could dissolve the relationship for cause and 'a client has the absolute right to discharge the attorney and terminate the relationship at any time without cause, no matter how arbitrary his action may seem.' Corpus Juris Secundum Vol. 7; p. 940, Par. 109 and citations. Hence it is ordered and adjudged on the movant's petition that G. Seals Aiken's name be, and it is hereby stricken as attorney for movant, as prayed by movant. Other prayers of movant are denied." Mr. Aiken excepted to this judgment.

■ There is no dispute about the fact that Mr. Aiken was authorized to file the original bill for an accounting against the executor. On the original petition the executor had been required by the court to account to Lewis H. White through Mr. Aiken as his attorney. The executor did not comply with this order and Mr. Aiken filed another petition in the same case, asking that the executor be required to account and urged as a reason therefor the decree just referred to, dated May 28, 1942, on which no attack whatever is made by Lewis H. White, though he contends Mr. Aiken was dismissed as counsel on March 22, 1942. The evidence showed that Mr. Aiken had been paid $250 or $300 for fees for services. It does not appear that there was an express contract between Mr. Aiken and his client fixing the amount of fees. There was therefore an implied obligation to pay a reasonable sum. No reason is shown why Mr. Aiken was allegedly dismissed other than that his client did not wish to go to any further expense. No improper conduct on the part of Mr. Aiken is alleged or even suggested. We think that under the facts Mr. Aiken had a right to proceed with the original suit for accounting in the name of his client at least to determine whether a recovery could be had and to determine and retain a reasonable fee from the sums collected. He had a lien on the action and an inchoate lien on the sums recovered, if any, for whatever fee, if any, he was eventually entitled to. Code, § 9-613; *Franklin* v. *Ford,* 13 *Ga. App.* 469 (79 S. E. 366) ; *Georgia Railway & Electric Co.* v. *Crosby,* 12 *Ga. App.* 750 (78 S. E. 612) ;

720

*Byrd* v. *Clark,* 170 *Ga.* 669 (153 S. E. 737) ; *Pharr* v. *McDonald,* 180 *Ga.* 777 (180 S. E. 844). We know of no rule of law in this state confining such right on the part of an attorney to cases involving contingent fees. The contrary is stated in *McDonald* v. *Napier,* 14 *Ga.* 89. There is no issue here whether a client can dismiss an attorney for good cause, nor whether in this case the attorney had been paid a reasonable fee before his attempted dismissal, the latter issue being one the court was without authority to decide without the waiver of a jury trial, and no such procedure was followed in this case either expressly or by implication. Since the petition objected to was not a new case, but merely a part of the case which the attorney had a right to file, the fact that another petition was filed as a part of the case seeking the same end as the original suit, it cannot be said to have been filed without authority. No good cause being shown for a dismissal of the attorney he had a right to prosecute the original suit to a conclusion, if for nothing else, to determine whether a recovery could be had, and retain from the proceeds the fee to which he was entitled.

■ The motion to dismiss the writ of error on the ground that Mr. Aiken was not made a party to the case below is without merit. A nisi was issued on the petition to strike, and his name was stricken on the trial of the issue raised in the petition. If he was not a proper party the action of the court would be nugatory.

The court erred in striking the attorney's name from the case. *Judgment reversed. Stephens, P. J., and Sutton, J., concur.*