25106. WOODWARD v. LAWSON et al.

FRANKUM, Justice. The appeal here is from the order and judgment of the trial court sustaining the motion of intervenors to dismiss the plaintiff's complaint. It appears from the lengthy and overly prolix complaint that the defendant Lawson employed the plaintiff, a practicing attorney, to examine the title to a described fifty-acre tract of land. The plaintiff claims to have performed that service, submitted his report to the defendant and a bill in the amount of $115 for such services. The bill not having been paid, the plaintiff filed this action in which he sought to recover a money judgment against the named defendant, and also sought to impress a lien upon the described tract of land, and also

sought various equitable relief with respect to the land. Four persons filed a motion for leave to intervene, praying that they be allowed to intervene as parties defendant. This motion was granted and they thereafter filed an intervention in the case in which they claimed title to the land in question, and in which intervention they also moved to dismiss the plaintiff's complaint. No answer on behalf of the named defendant appears to have been filed.

1. The intervenors having been allowed by the order of the court to file their intervention in the case and to become parties defendant under the provisions of § 24 of the Civil Practice Act (*Code Ann.* § 81A-124) they thereafter were, "for all intents and purposes," original parties, and they could file any pleading in the case that original parties could have filed just as though they had been named parties defendant in the complaint. In re Raabe, Glissman & Co., Inc., 71 FSupp. 678 (DCSDNY). The trial court, therefore, properly had before it the question presented by the intervenors' "First, Third and Fourth Defenses," to wit: whether or not the complaint stated a claim for relief against them or with respect to the property described in the complaint to which property they claimed title.

2. The liens which an attorney at law may enforce are set forth in *Code* § 9-613. Paragraph (3) of that section provides that "upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes . . ." "This statute, creating liens in favor of attorneys at law, is in derogation of the common law, and is to be strictly construed. *Brown v. Georgia, Carolina & Northern R. Co.*, 101 Ga. 80, 83 (23 SE 634)." *Middleton v. Westmoreland,* 164 Ga. 324, 328 (138 SE 852). Accordingly, the statute will not be construed so as to apply to any factual situation not strictly within its wording. Clearly the property upon which the plaintiff here seeks to impress a lien is not "property recovered" by him, for there has been no suit, or litigation, or settlement of a disputed claim between adverse parties as the result of the plaintiff's efforts. See in this connection, *Ball v. Vason,* 56 Ga. 264 (1); *Coffee v. Dunagan,* 141 Ga. 564 (81 SE 880); *Stover v. At-*

*lantic Ice &c. Corp.*, 159 Ga. 357 (3) (125 SE 837); and *Prudential Ins. Co v. Byrd*, 188 Ga. 527, 529 (4 SE2d 175).

3. Since all of the equitable relief which the plaintiff sought depended upon and related to his asserted right to impress a lien upon the described real property his complaint failed to state a claim for any equitable relief to which he was entitled, and the trial court did not err in dismissing his complaint insofar as it sought equitable relief.

4. The complaint did, however, contain a plain and simple claim upon an open account against the defendant Lawson. Insofar as he was concerned the case was in default, and it was error for the trial court to dismiss the whole case without affording the plaintiff an opportunity of proving his claim based upon open account.

*Judgment affirmed in part; reversed in part. All Justices concur.*

SUBMITTED APRIL 14, 1969—DECIDED APRIL 24, 1969—
REHEARING DENIED MAY 8, 1969.

*John R. Woodward, III,* for appellant.
*Gibbs & Leaphart, J. Alvin Leaphart,* for appellees.