## 72484. MAY v. MAY.
(349 SE2d 766)

BEASLEY, Judge.

Sue May employed Georgia attorney Zuckerman to collect in Georgia on a Tennessee judgment against Charles May based on back alimony and child support which had accrued under a Tennessee divorce. The letter fee agreement provided that, in order to recover the money owed to Sue May, Zuckerman would "begin the necessary action here in Georgia." Zuckerman agreed to handle the case on a "contingency fee basis," and "on all sums recovered" he would "be entitled to 25 percent" as his fee.

Pursuant to the agreement, the Tennessee money judgment was domesticated in Georgia. Acting on behalf of Sue May, Zuckerman then instituted a continuing garnishment action against Charles May. Over several months $7,840 was recovered, from which the attorney's percentage fee was paid.

Meanwhile, Sue and Charles May entered into a court-supervised settlement agreement in Tennessee for all past due as well as future alimony and child support. It was made the decree of the court, which also vacated and set aside the Tennessee judgment which had been domesticated in Georgia by Zuckerman.

Charles May then filed his traverse to the garnishment. Zuckerman opposed the traverse, contending that the settlement agreement was entered into without either his knowledge or consent and that he was entitled to continue prosecution of the garnishment because of his lien for attorney fees under OCGA § 15-19-14. After a hearing the trial court sustained the traverse and dismissed the garnishment. We granted Zuckerman's application for interlocutory review because of his assertion that he was being deprived of his lien. However, upon review of the record we find no error in sustaining the traverse.

It is a well-established principle that an attorney has the same right over an action, judgment or decree as his client had or might have had for the amount due the attorney. OCGA § 15-19-14 (b). "[A]fter the filing of the suit no person, whether party litigant or third person, can settle the suit or the cause of action so as to defeat the lien of the attorney for his fees; and the attorney, notwithstanding

any settlement of the cause of action, has the right to prosecute the suit, in the name of his client, for the recovery of his fees." *Nodvin v. Fabian*, 153 Ga. App. 716 (266 SE2d 253) (1980). See *McDonald, Bailey &c. v. Napier*, 14 Ga. 89 (1853); *Little v. Sexton*, 89 Ga. 411 (15 SE 490) (1892); *Middleton v. Westmoreland*, 164 Ga. 324 (138 SE 852) (1927); *Barge v. Ownby*, 170 Ga. 440 (153 SE 49) (1930). The statutory lien is against the action itself. *Travelers Ins. Co. v. Bagwell*, 116 Ga. App. 675, 676 (158 SE2d 267) (1967).

Here the contingent fee contract provided that the attorney receive a percentage of all sums recovered by him as attorney in Georgia. Counsel must be held to the strict language of the instrument he prepared. *Moorefield v. Fidelity Mut. Life Ins. Co.*, 135 Ga. 186 (69 SE 119) (1910); *Brown v. Welch*, 253 Ga. 118, 119 (317 SE2d 520) (1984). "All sums recovered," therefore, means just that. The attorney was entitled to receive 25% of the monies he recovered, not 25% of the judgment nor of amounts recovered elsewhere by someone else. The lien attached to the cause of action only to the extent of the sums collected, by Zuckerman, in Georgia. The contingency for his right to recover under a lien did not occur. Even if it was prevented from happening by the client-plaintiff, there was no quantum meruit proof, and this is not an action for such. *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985); *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310 (205 SE2d 885) (1974).

Moreover, the same principle of strict construction applies to the statute, too. The attorney's lien statute " 'is in derogation of the common law, and is to be strictly construed.' Accordingly, the statute will not be construed so as to apply to any factual situation not strictly within its wording." *Woodward v. Lawson*, 225 Ga. 261, 262 (167 SE2d 660) (1969). Since this court does not presume error, *Sterling Motor Freight Co. v. Wendt*, 156 Ga. App. 516 (275 SE2d 101) (1980), there being no showing that counsel failed to obtain the 25% from those sums already recovered, the judgment below must stand.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 17, 1986 —
REHEARING DENIED OCTOBER 20, 1986.

*Ira S. Zuckerman*, for appellant.
*James T. Barfield III*, for appellee.