A97A0617. PEOPLES v. CONSOLIDATED FREIGHTWAYS, INC. et al.

(486 SE2d 604)

ELDRIDGE, Judge.

This is an ancillary action on a written contingent attorney fee contract between Frances Peoples and Stephen F. Carley, her first attorney. Carley filed a personal injury action in the State Court of Fulton County on behalf of Peoples against Consolidated Freightways, Inc. and Charles Clayton on April 1, 1992. The case went to verdict on July 12, 1995, and judgment for Peoples in the amount of $4,100 was entered on August 21, 1995, after a write-off for previously received personal injury protection benefits under no-fault motor vehicle protection. Prior to trial, Carley obtained a settlement offer of $50,000, as well as a separate offer of a high-low guarantee of a minimum recovery of $35,000 and a maximum recovery of $50,000, if tried; such recovery guarantee would allow the case to be tried, bring finality by settlement, but still allow the jury to render a verdict that would not bind the parties except between the floor and ceiling settlement guarantees. Peoples rejected both offers so that the case went to trial. Carley obtained a verdict of only $7,000, at trial, which had to be offset by the PIP benefits already received under the No-Fault Motor Vehicle Reparation Act. Peoples lost confidence in the ability of Carley to adequately represent her. Carley denied that he had been terminated; however, he did admit that Peoples told him that she had retained Gordon L. Joyner to represent her and that she agreed to pay Carley his legal fees. In July 1996, Peoples discharged Carley after the low verdict and judgment.

On August 31, 1995, Joyner filed an entry of appearance as counsel for Peoples. On August 31, 1995, Joyner also filed a motion for new trial on Peoples' behalf. After the discharge of Carley, Joyner negotiated a settlement with Consolidated Freightways, Inc. for an additional $25,900 above and beyond the judgment for $4,100. Carley objected to the settlement and would not cooperate in bringing the case to final disposition.

On May 1, 1996, Consolidated Freightways, Inc. made a motion to compel enforcement of the settlement and for approval of the payment of the settlement sum into court. The trial court on May 8, 1996, ordered the settlement sum paid into court and the dismissal of defendants, Consolidated Freightways, Inc. and Charles A. Clayton. On May 31, 1996, the defendants gave notice that they had paid the settlement sum into court. On June 27, 1996, Carley filed his written attorney's lien with the trial court. On July 15, 1996, Joyner filed on behalf of Peoples a dismissal of her complaint with prejudice as part of the settlement. On July 16, 1996, the trial court filed an order granting defendants' motion to enforce judgment and ordered the

disbursement of funds: (1) $4,100 was ordered to be paid jointly to Peoples and Carley; and (2) $25,900 was ordered to be paid jointly to Peoples and Joyner. Carley filed his notice of appeal from the trial court's "Order to Consummate Settlement Instanter and to Disburse Settlement Proceeds" on August 1, 1996.

1. Appellant Carley's first enumeration of error is that the trial court erred in entering its order granting the motion for an order to consummate settlement in violation of appellant's attorney's lien, right to a trial by jury, and due process.

OCGA § 44-12-24 states: "A right of action for personal torts or for injuries arising from fraud to the assignor may not be assigned." Under Georgia law, a right to bring or maintain a personal injury action cannot be assigned, because at common law such rights are not assignable. *Carter v. Banks*, 254 Ga. 550, 552 (330 SE2d 866) (1985); *Central R. &c. Co. v. Brunswick &c. R. Co.*, 87 Ga. 386, 388 (1) (13 SE 520) (1891); *American Chain &c. Co. v. Brunson*, 157 Ga. App. 833, 835 (278 SE2d 719) (1981); *Wrightsman v. Hardware Dealers Mut. &c. Ins. Co.*, 113 Ga. App. 306, 307 (2) (147 SE2d 860) (1966); *James v. Emmco Ins. Co.*, 71 Ga. App. 196, 200 (30 SE2d 361) (1944). Therefore, any purported assignment of any interest in the personal injury action in paragraphs 4, 6, and 11 of the contract, included in an attempt to survive the termination of the lawyer's contract of employment and to give the lawyer an interest in the litigation separate from any statutory lien rights, is void as a violation of public policy as set forth by statute. See *James v. Emmco Ins. Co.*, supra at 200. Therefore, whatever rights Carley has as an attorney must be derived either from the written employment contract or from OCGA § 15-19-14.

OCGA § 15-19-14 is in derogation of common law and must be strictly construed; the statute does not attach to property beyond the ambit of the statute. *Woodward v. Lawson*, 225 Ga. 261, 262 (2) (167 SE2d 660) (1969); *White v. Aiken*, 197 Ga. 29, 34 (28 SE2d 263) (1943), rev'g *Aiken v. White*, 69 Ga. App. 717 (26 SE2d 471) (1943), mandate conformed and prior opinion vacated, *Aiken v. White*, 70 Ga. App. 537 (29 SE2d 97) (1944); *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167) (1988); *May v. May*, 180 Ga. App. 581, 582 (349 SE2d 766) (1986).

"Counsel must be held to the strict language of the instrument he prepared." *May v. May*, supra at 582; see generally *Brown v. Welch*, 253 Ga. 118, 119 (317 SE2d 520) (1984); *Moorefield v. Fidelity Mut. Life Ins. Co.*, 135 Ga. 186 (69 SE 119) (1910). Thus, the contingent fee contract came to an end upon the happening of the contingency, the condition precedent to recovery, a *jury verdict and judgment*. The contingent fee contract fixed the attorney fees due based upon "verdict" and "judgment" under paragraphs 1 (c) and 2 within

the express terms of the contract, which were not as favorable as the subsequent settlement. The provision of paragraphs 1 (d), 3, and 5 dealing with expenses falls outside OCGA § 15-19-14 and would require Carley to bring a separate lawsuit against Peoples to enforce his contract rights; the only contract rights that a lawyer may enforce in an ancillary proceeding to the main suit are such rights as come within OCGA § 15-19-14, because the lawyer is not a party to the litigation and has not sought to intervene. The trial judge based the order on the judgment, the only amount from which Carley was entitled to have his contingent fee calculated; the contract did not state that counsel, if he felt the judgment was inadequate, had a right to seek a new trial or appeal on Peoples' behalf. Peoples terminated Carley's employment after the judgment was entered based on the disappointing results of trial. Because the subject of the contingent contract had been fully performed when judgment was entered, it was for Peoples to determine if she wished further representation by Carley beyond the fully performed contract. Peoples no longer felt that Carley could adequately represent her where the verdict was substantially less than the settlement offers.

After the contingency of a verdict and judgment took place and fixed the attorney fees at that point in time, Carley was entitled only to the percentage of the judgment that his efforts produced. See *May v. May*, supra at 582; *Rasmussen v. Nodvin*, 174 Ga. App. 203, 205 (2) (329 SE2d 541) (1985); *Bearden v. Lane*, 107 Ga. App. 424, 425-426 (1) (130 SE2d 619) (1963); see also *Burnette v. Bradley*, 190 Ga. App. 427, 428 (379 SE2d 225) (1989); *Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985); *Hopkins v. Steele*, 164 Ga. App. 527 (297 SE2d 528) (1982); *Brookhaven Supply Co. v. Rary*, 131 Ga. App. 310, 311 (4) (205 SE2d 885) (1974).

The settlement occurred only after Carley had been replaced by Joyner; the right to a specific amount as a contingent fee for Carley was fixed by the judgment. See *Rasmussen v. Nodvin*, supra at 205. Where Joyner filed an appearance for Peoples and made a motion for new trial and Carley did not object or inform the court that he continued to represent Peoples, such silence and the entry of appearance are evidence upon the record that Carley was no longer counsel of record and had been terminated by the client. Id. at 204-205; see also *Rooke v. Day*, 46 Ga. App. 379, 380 (167 SE 762) (1933). In the case sub judice, the contingent fee contract had been fully performed, and the specific amount of attorney fees due was established by such contract in a specific amount as a matter of law. *Henson & Henson, P.C. v. Myszka*, 160 Ga. App. 135 (286 SE2d 456) (1981); *Dorsey v. Edge*, 75 Ga. App. 388, 392 (43 SE2d 425) (1947). Carley had no right, under either his contract or OCGA § 15-19-14, to have the contingent fee calculated on the post-judgment settlement. See *Burnette v. Brad-*

*ley,* supra at 428; compare *Morrow v. Stewart,* 197 Ga. App. 689, 690 (399 SE2d 280) (1990).[1]

A client has an absolute right to dismiss an attorney at any time for any reason, however arbitrary, and such action is not a breach of contract but the exercise of the client's rights. *White v. Aiken,* supra, 197 Ga. at 34; *Head v. Aycock,* 116 Ga. App. 739 (158 SE2d 685) (1967); *Dorsey v. Edge,* supra at 392. Counsel's refusal to cease acting in the name of the client and in holding himself out as counsel for the client does not negate the termination. See *Gilbert v. Edmondson,* 193 Ga. App. 593, 594 (388 SE2d 713) (1989). It is for the trial court to determine who represents a party in court, even if there is a dispute of fact, because representation and authority to act for a party in court go to the inherent powers of the court to orderly administer its cases. OCGA §§ 15-19-7; 15-19-8; 15-19-9; *Felker v. Johnson,* 189 Ga. 797 (7 SE2d 668) (1940); *Howell v. Howell,* 188 Ga. 803 (4 SE2d 835) (1939); *Aycock v. Williams,* 185 Ga. 585 (196 SE 54) (1938); Uniform Superior Court Rules 4.2, 4.3.

Carley raised no due process issue at the trial court, and the trial court did not pass on such issue, so that it was not preserved for review on appeal. Likewise, Carley raised no issue before the trial court as to any right to try a disputed issue of material fact. The only issue that is in dispute is whether or not the client terminated Carley and when, but such issue is a legal issue for the trial court's determination. The trial court in the order of July 15, 1996, determined implicitly in the order that Carley had been terminated by Peoples prior to the settlement in October 1995.

We find that the trial court did not err.

2. The second enumeration of error is that the trial court erred in entering its order of May 8, 1996, less than 30 days after the motion to pay such funds into court was made.

The record shows that the motion to pay settlement funds into court was filed on May 1, 1996, and that the order directing such funds be paid into court was filed May 8, 1996. There is nothing in the record that shows Carley made a timely objection to preserve such alleged error for appeal or that the trial court ruled upon such issue. This Court cannot rule upon issues raised for the first time on appeal. *Thomason v. State,* 215 Ga. App. 189, 190 (4) (450 SE2d 283) (1994). Such alleged error was not preserved for review on appeal.

---

[1] While the contract had a provision that Carley be paid at his normal hourly rate in the event of termination prior to the contingency as in *Morrow v. Stewart,* supra at 690, there the contingency never occurred, but in the case sub judice the judgment was obtained but was inadequate. Nonetheless, the express language of the contract fixed the attorney fees based upon the percentage of the judgment, since the judgment occurred prior to termination and the subsequent settlement and no alternative method to compute the amount of fees owed would be appropriate with the occurrence of the contingency.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 2, 1997 —
RECONSIDERATION DENIED APRIL 28, 1997.
Before Judge Thompson.

*Gordon L. Joyner*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, D. Gary Lovell, Jr.*, for appellees.

*Stephen F. Carley*, pro se.