S97G1041. GREER, KLOSIK & DAUGHERTY et al.
v. YETMAN et al.
(496 SE2d 693)

BENHAM, Chief Justice.

This appeal addresses the right of an attorney or a law firm to recover under a contingent fee contract of representation when the client terminates the contract after a judgment is obtained but before money is recovered pursuant to the judgment. Greer, Klosik and

Daugherty (hereinafter "GKD") contracted to represent the Yetmans in pursuing a wrongful death claim and other claims against several defendants. The contingent fee provision in the contract provided that GKD would be paid as attorney fees, "a sum equivalent to ⅓ of any sum that may be recovered, either by suit or settlement . . . ." GKD pursued the claims to a judgment which, with interest, totaled more than $2,400,000. While motions for new trial were pending, a settlement was reached with one defendant and GKD received a share of that settlement pursuant to contract. While the appeals of the other defendants were pending, disagreement between GKD and the Yetmans resulted in the Yetmans discharging GKD and GKD filing an attorney's lien. Settlement talks in the main action continued, but were hampered by GKD's insistence on receiving attorney fees based on the full amount of the judgment rather than the amount of any settlement in which it had not participated. Eventually, after the Court of Appeals affirmed the judgment (*Gilbert Corp. v. Yetman*, 219 Ga. App. 320 (464 SE2d 822) (1995)), the Yetmans entered into settlement with the remaining defendants for $1,800,000, and GKD filed a motion to foreclose on its attorney's lien, still asserting entitlement to one-third of the remaining judgment amount (approximately $2,100,000) rather than the settlement amount. The trial court ruled that the attorney's lien was valid, that the one-third contingency fee provision controlled, and that GKD's portion was to be based on the settlement amount. The Yetmans and GKD both appealed the trial court's decision. The Court of Appeals affirmed the trial court's holding that GKD was entitled to additional compensation, but reversed the specific award, holding that the Yetmans' termination of the contract prior to the happening of the contingency relegated GKD to quantum meruit as the measure of its recovery, and remanded the case for consideration of GKD's entitlement to recover under the principle of quantum meruit. *Yetman v. Greer, Klosik & Daugherty*, 225 Ga. App. 397 (483 SE2d 878) (1997). We granted GKD's petition for certiorari, expressing interest in "[t]he application of the attorney lien statute (OCGA § 15-19-14)[1] to a contingency fee contract when the attorney-client relationship is severed after the entry of judgment but before the conclusion of settlement negotiations. See also *Peoples v. Consolidated Freightways*, 226 Ga. App. 265 [486 SE2d

---

[1] OCGA § 15-19-14. Liens for services rendered; priority; modes of enforcement; other rights. . . .
(b) Upon actions, judgments, and decrees for money, attorneys at law shall have a lien superior to all liens except tax liens; and no person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied. Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

604] (1997)."

1. GKD relies on *Peoples v. Consolidated Freightways*, supra, for support of its argument that the Court of Appeals erred in ruling that the contingency on which GKD's entitlement to fees was based had not occurred when the Yetmans terminated the representation. In *Peoples*, the contract provided as follows:

> If the Attorney is discharged by the Client after a . . . verdict . . . or judgment is rendered in favor of the Client, then the compensation of the Attorney shall be computed in accordance with the provisions of this Agreement, just as if the . . . verdict . . . or judgment had actually been collected in full for the Client.

The Court of Appeals correctly held that the contingency which fixed the attorney's entitlement to a fee under the circumstances of that case was "a jury verdict and judgment." Because that was the contingency, the Court of Appeals held that "the right to a specific amount as a contingent fee . . . was fixed by the judgment." Id. at 267. GKD seizes on that language to argue that its right to a specific fee was fixed by the judgment it procured for the Yetmans.

That argument fails because the contract in this case does not establish the procurement of a judgment as the contingency which fixed the amount of the fee. Instead, the contract provides that GKD shall receive a portion "of any sum that may be recovered." The meaning of that phrase is established in *May v. May*, 180 Ga. App. 581 (349 SE2d 766) (1986):

> Here the contingent fee contract provided that the attorney receive a percentage of all sums recovered . . . as attorney in Georgia. Counsel must be held to the strict language of the instrument [counsel] prepared. [Cits.] "All sums recovered," therefore, means just that. The attorney was entitled to receive 25% of the monies [the attorney] recovered, not 25% of the judgment nor of amounts recovered elsewhere by someone else.

GKD's attempt to distinguish *May* on the ground that the contract there was for the enforcement of an existing judgment while the contract here was to obtain a judgment, is unavailing. The valid comparison of the cases is with regard to the language expressing the contingency, and the phrase "any sum that may be recovered," from the GKD contract, cannot be distinguished in meaning from "all sums recovered," the phrase used in *May*. It is unmistakable that no sum had been recovered at the time the Yetmans terminated GKD's representation, so the contingency had not occurred.

GKD's reliance on OCGA § 15-19-14 to establish its claim to one-third of the amount of the judgment is unavailing. That statute provides for a lien in favor of an attorney against judgments or funds recovered for the attorney's client, to secure the fee earned by the attorney. While the statute safeguards an attorney's right to a fee which has been earned, it does not control how the amount of the fee is determined. The attorney lien cases cited by GKD, e.g., *Walker v. Equitable Mtg. Co.*, 114 Ga. 862 (1) (40 SE 1010) (1902), deal with an attorney's power to control litigation in order to safeguard a fee, but do not deal with the situation at hand, the calculation of the fee earned when a contingent fee contract is terminated before the occurrence of the contingency.

We hold, therefore, that the Court of Appeals was correct in holding that GKD is barred from recovery pursuant to the contingent fee contract because the contingency had not occurred when the contract was terminated.

2. The Court of Appeals was also correct in ruling that quantum meruit is the proper remedy for an attorney who is discharged before the occurrence of the contingency specified in a contingent fee contract.

> "Where there is a contingent fee arrangement between a client and [an] attorney and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney's fees for . . . services that have been rendered on behalf of the client." [Cit.] Thus, although prevented from recovering under the contract, the attorney still has [a] remedy in quantum meruit. [Cits.]

*Overman v. All Cities Transfer Co.*, 176 Ga. App. 436, 438 (336 SE2d 341) (1985).

The Yetmans contend GKD expressly waived the right to recover in quantum meruit, but the record shows only that GKD argued that this is not a quantum meruit case because GKD was entitled to recover under the contingent fee provision of the contract. The trial court accepted that argument and did not conduct an inquiry into the reasonable value of GKD's services in obtaining a judgment for the Yetmans in excess of $2,000,000. Since GKD is entitled to a determination of the value of its services, the Court of Appeals was correct in remanding this case to the trial court for consideration of GKD's entitlement to a recovery under the principle of quantum meruit.

*Judgment affirmed. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

While I fully concur with the majority, I write to remind lawyers

that their relationship with a client is one of special trust that requires complete fidelity. The relationship is unique because it is " 'founded in principle upon the elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney.' "[2] And, because it is the contract between lawyer and client that creates this unique relationship, lawyers must remember their fiduciary role when preparing the lawyer-client contract.

In the contract, the fee must be reasonable[3] and the terms must not cause the lawyer's professional judgment, exercised on behalf of his client, to "be affected by his own financial, business, property, or personal interests."[4] Additionally, after the contract is entered, circumstances may arise that cause a seemingly reasonable fee arrangement to, in fact, become an excessive fee. Such a situation may arise if the contract fixes the fee on the amount of the judgment and (1) the judgment is only partially collectible or (2) the judgment is challenged on appeal and prudence cries out for settlement. Under those circumstances, both professional and ethical obligations require reconsideration of the fee arrangement.

And, lastly, in order to deserve the public's confidence, the lawyer must be willing to do what is fair and equitable, even if not required by the letter of the law. As the ethical considerations state, "A lawyer should be zealous in his efforts to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject."[5]

I am authorized to state that Justice Sears joins in this concurrence.

DECIDED MARCH 2, 1998 —
RECONSIDERATION DENIED APRIL 2, 1998.

*Greer, Klosik & Daugherty, Frank J. Klosik, John F. Daugherty,*

---

[2] *AFLAC v. Williams*, 264 Ga. 351, 353 (444 SE2d 314) (N.Y. 1994), quoting *Demov, Morris, Levin & Shein v. Glantz*, 428 NE2d 387, 389 (N.Y. Sup. Ct. 1981).

[3] See Georgia Code of Professional Responsibility EC 2-17 ("A lawyer should not charge more than a reasonable fee. . . . [A]n excessive charge abuses the professional relationship between the lawyer and client."); see also id. DR 2-106 and Standard 31 of Bar Rule 4-102 (d), which provides:

(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

(b) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee."

[4] See id. EC 5-1, EC 5-7, Standard 30.

[5] Id. EC 2-23.

*Robert J. McCune,* pro se.
*Richard D. C. Schrade, Jr.,* for appellees.