A04A1618. GUTTER-PARKER v. PRIDGEN.

(601 SE2d 707)

ELDRIDGE, Judge.

Attorney B. Thassanee Gutter-Parker filed a lien against Pamela J. Pridgen's house for legal fees owed. The Superior Court of DeKalb County entered an order dismissing the attorney's lien, and Gutter-Parker appeals. For the reasons that follow, we affirm.

The portion of the attorney's lien statute relevant to this case reads, "Upon all *actions for the recovery of real or personal property* and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien for their fees on the *property*

---

*recovered* superior to all liens except liens for taxes."[1] Lien laws such as the attorney's lien statute are in derogation of common law and must be strictly construed.[2] Such strict construction has long included the principle that the subject matter against which the lien is attached must be "the fruit of the labor of the attorney."[3] One who claims a lien must bring herself clearly within the law, and the statute will not be construed so as to apply to any factual situation not strictly within its wording.[4] Thus, unless the "fruit of the labor" of attorney Gutter-Parker was the recovery of Pridgen's house, an attorney's lien against the house will not lie.[5]

Gutter-Parker represented Pridgen in *Pridgen v. Pinnacle Constr. Co.*, Civil Action No. 99-6115-2. The lawsuit sought recovery of money damages for, primarily, breach of contract and negligent construction. The final settlement between the parties resulted in the construction company's re-purchase of Pridgen's house and a mediated agreement of a monetary amount above the purchase price. By brief, Gutter-Parker refers to this as "recovery of the real property," even while recognizing that such "recovery" was of the purchase price plus additional monies — not the house, itself. Accordingly, the purchase price plus additional monies were the "fruit" of Gutter-Parker's labor, not Pridgen's house. That issues relating to Pridgen's house may have given rise to the cause of action does not authorize an attorney's lien against the house when recovery of the house was not sought. Here, the cause of action sought recovery of money damages, and the dismissal of Gutter-Parker's attorney's lien against Pridgen's house was not error.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JUNE 9, 2004 —
RECONSIDERATION DENIED JUNE 30, 2004.

B. Thassanee Gutter-Parker, *pro se.*
*Charles F. Peebles*, for appellee.

---

[1] (Emphasis supplied.) OCGA § 15-19-14 (c).

[2] *Ellis, Funk, Goldberg, Labovitz & Dokson, P.C. v. Kleinberger*, 235 Ga. App. 360, 361 (1) (509 SE2d 660) (1998).

[3] *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167) (1988).

[4] *Woodward v. Lawson*, 225 Ga. 261, 262 (2) (167 SE2d 660) (1969); *White v. Aiken*, 197 Ga. 29, 33 (28 SE2d 263) (1943); *May v. May*, 180 Ga. App. 581, 582 (349 SE2d 766) (1986).

[5] *Middleton v. Westmoreland*, 164 Ga. 324 (138 SE 852) (1927).