**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 16, 2025**

# In the Court of Appeals of Georgia

A25A0115. HOWE & ASSOCIATES, P. C. v. HARRIS.

MCFADDEN, Presiding Judge.

This appeal involves the attorney's lien that arises under OCGA § 15-19-14 (b) when a lawsuit is filed. At issue is the scope of an attorney's rights under such a lein.

That Code section "confers upon an attorney at law the right to impose a lien '[u]pon actions, judgments, and decrees for money,' and prevents the satisfaction of such an action, judgment, or decree 'until the claim of the attorney for his fees is fully satisfied.'" *Howe & Assoc. v. Daniels*, 280 Ga. 803, 804 (631 SE2d 356) (2006) (quoting OCGA § 15-19-14 (b); punctuation omitted). We have held that, where a plaintiff had voluntarily dismissed an action that had settled, OCGA § 15-19-14 (b) permitted the court to vacate the voluntary dismissal and reinstate the action in order

to permit an attorney to pursue a lien on that attorney's share of the settlement. *Howe & Assoc.*, supra at 806.

Here, the law firm Howe & Associates, P. C. sought such relief in a case that had not settled, moving to reopen an action that its former client, Napoleon Harris, had voluntarily dismissed without prejudice. The trial court denied the motion, and we agree with that ruling—but for different reasons. The trial court denied the motion for the erroneous reason, contrary to *Howe & Assoc.*, supra, that a court "cannot reinstate a case after a voluntary dismissal."

*Howe & Assoc.* is not controlling here and the motion to reopen was due to be denied because in this case there was no settlement or other satisfaction of Harris's claim upon which the firm could enforce the lien. So a prosecution of the lien in this action would have been fruitless. For that reason we affirm.

1. *Procedural history*

An attorney with Howe & Associates brought a negligence action on behalf of Harris for injuries he allegedly sustained in a car accident. At a pretrial conference, Howe & Associates asked the trial court for permission to withdraw from representing Harris because they had reached an impasse about what damages to seek at trial. The

trial court allowed Howe & Associates to withdraw and specially set the trial for a date that would give Harris the opportunity to obtain new counsel.

Harris's new counsel moved to dismiss the action without prejudice. Howe & Associates objected to that motion, arguing that under OCGA § 15-19-14 (b) it had an attorney's lien for the work it had performed in the action. Harris then asserted that he had the right to voluntarily dismiss the action, see OCGA § 9-11-41 (a) (1) (A) (providing that, subject to certain statutory exceptions, a plaintiff may voluntarily dismiss an action without the court's permission by filing a written notice of dismissal before the first witness is sworn), and filed a dismissal without prejudice.

Howe & Associates moved to reopen the case so that it could prosecute the case to recover its attorney's lien under OCGA § 15-19-14 (b). The trial court denied the motion, stating among other things that he "cannot reinstate a case after a voluntary dismissal." Howe & Associates appeals.

2. *Analysis*

An attorney's lien under OCGA § 15-19-14 (b), also called a charging lien, is a lien "[u]pon actions, judgments, and decrees for money," OCGA § 15-19-14 (b), that "arises upon the institution of the suit[.]" *Howe & Assoc.*, 280 Ga. at 804 (citation and

punctuation omitted). See *Tolson v. Sistrunk*, 332 Ga. App. 324, 329 (1) (772 SE2d 416) (2015) (lien under OCGA § 15-19-14 (b) is a charging lien). A charging lien "exist[s] to ensure that an attorney is compensated for the fruits of his labor and skill[,] whether realized by judgment or decree, or by virtue of an award, or in any other way, so long as they are the result of his exertions." *Tolson*, supra (citation and punctuation omitted). It gives the attorney "the same right over an action, judgment, or decree as his client had or might have had for the amount due the attorney." *May v. May*, 180 Ga. App. 581 (349 SE2d 766) (1986).

A charging lien does not, however, empower a former attorney to take control of the case. Former counsel cannot force a plaintiff to pursue an action he wishes to dismiss. See *Dorsey v. Edge*, 75 Ga. App. 388, 392 (2) (43 SE2d 425) (1947) ("A client may . . . dismiss the suit . . . and his action in doing so is . . . the exercise of his right.")

A charging lien comes into play once there is a settlement or a judgment. "[N]o person shall be at liberty to satisfy such an action, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied." OCGA § 15-19-14 (b). This means that a lien under OCGA § 15-19-14 (b) "may not be divested by any settlement . . . ," *Howe & Assoc.*, 280 Ga. at 804 (citation and punctuation omitted), and the lien's

existence "prevents a plaintiff from filing an effective dismissal of the complaint *sufficient to defeat that lien*[.]" *Howe & Assoc. v. Daniels*, 274 Ga. App. 312, 315 (1) (618 SE2d 42) (2005) (emphasis supplied). Our Supreme Court has explained that in such instances, when a client settles and dismisses a suit, "the remedy available to an attorney to prosecute a lien which arises upon the institution of a viable lawsuit" is to "move[ ] the trial court to vacate the dismissal and reinstate the original action for the purpose of prosecuting the lien." *Howe & Assoc.*, 280 Ga. at 805-806 (distinguishing *Villani v. Edwards*, 251 Ga. App. 293 (1) (554 SE2d 184) (2001)).

OCGA § 15-19-14 (b) "provides for a lien in favor of an attorney against judgments or funds recovered for the attorney's client[.]" *Greer, Klosik & Daugherty v. Yetman*, 269 Ga. 271, 274 (1) (496 SE2d 693) (1998). It "may be satisfied out of the judgment [or other funds] obtained by [the attorney's] professional services." *Tolson*, 332 Ga. App. at 328-329 (1) (citation and punctuation omitted).

But there is no indication in the record of a recovery in this action. Harris voluntarily dismissed the action without settling or satisfying his claim. If he refiled the action (and the record does not tell us whether he did so), Howe & Associates could attempt to prosecute their lien in the refiled action. See generally *Howe & Assoc.*,

280 Ga. at 805 (indicating that, so long as the client's right to recover has not been extinguished through a compromise of the original lawsuit, the attorneys who brought the first lawsuit could have a right to recover on their attorney's lien in a second suit that was "predicated upon some right of their client") (citation and punctuation omitted). But because there was no recovery in the action in this case, there was nothing against which the lien could be enforced. So the trial court's error was harmless.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*